## No. 12,995.

### CHARLES A. SPENCER ET AL. VS. F. M. WELCH ET ALS.

#### SYLLABUS.

A. sells certain landed property to B. and takes B.'s promissory notes for part of the purchase price, secured by special mortgage, containing the non alienation clause, on the property sold.

B, without paying the notes, sells the property to C (a corporation). Subsequently C, with its property and effects, passes into the hands of a receiver appointed by the United States Circuit Court.

A purchaser of the notes from A, suing in a State Court on the notes, praying judgment against the maker with recognition of mortgage rights, is met by an exception that the property, upon which the mortgage securing the notes rests, is in the custody of a Federal Court, and, therefore, the State Court is without jurisdiction to proceed with the suit.

Judgment sustaining this exception held to be error. A suit to recover judgment establishing plaintiffs' claim against the maker of the notes and recognizing their mortgage rights brings about no conflict of interest so far as the receiver is concerned, and no conflict of jurisdiction so far as the Federal Court is concerned. When it comes to selling the property under the mortgage and judgment, another question arises not here presented.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*Williams & Sugar* for Plaintiffs and Appellants.

*Robert Martin,* Curator *ad hoc,* for Defendants, Appellees.

Argued and submitted January 12, 1899.
Opinion handed down March 20, 1899.

The opinion of the Court was prepared in greater part by MR. JUSTICE MILLER prior to his decease; acted on and adopted by the Court afterwards.

Completed and handed down by MR. JUSTICE BLANCHARD.

The plaintiffs appeal from a judgment dismissing their suit on certain promissory notes, executed by defendants and secured by mortgage.

After the execution of the mortgage, the defendants appear to have

48

sold the property. There is in the record the admission that when the suit was brought the mortgaged property was in the possession of the Receiver of the Teche Railroad & Sugar Co., Ltd., appointed by the United States Circuit Court, and held by such Receiver as part of the assets of the said company.

The defendants, through the curator *ad hoc* appointed to represent them, on the ground that the property was in the hands of the Receiver, excepted to the jurisdiction of the lower court, and the exception was sustained. Hence, this appeal.

Defendants are in no way connected with the Railroad and Sugar Co., nor is the Receiver a party to this suit. No conflict of either interest or jurisdiction arises.

The plaintiffs are prosecuting their suit against the makers of the notes and asking recognition of their mortgage rights arising under an act of mortgage containing the pact *de non alienando*.

The proceeding by which the Railroad & Sugar Company and its property were placed in the hands of the Receiver, could not affect plaintiffs' rights against their debtors, nor the mortgage they granted, except only the obstacle to the seizure of the property arising from its possession by the receiver, an officer of the United States Circuit Court, whose possession the sheriff could not disturb.

The case here does not present the question of any disturbance of the receiver's possession.

In so far as the petition seeks a judgment on the notes, with recognition of the mortgage, we can conceive of no reason to question the jurisdiction of the lower court.

With such a judgment liquidating plaintiffs' debt and recognizing their mortgage, it will be for them to make the proper application to the United States Circuit Court for leave to subject the property to the paramount mortgage resting on it when the Railroad & Sugar Company acquired it and when the Receiver was appointed. High on Receivers, pp.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, the exception be overruled, the cause remanded and reinstated for trial, and that defendants pay costs of both courts.