### H. A. PAINE v. W. C. CARPENTER, RECEIVER.

Decided May 30, 1908.

**1.—Injunction—Suit Against Receiver—Venue.**

Under the provisions of article 1483, Revised Statutes, a receiver, having possession of mortgaged property, may be joined in a suit by the mortgagee against the mortgagor, to establish the debt and foreclose the mortgage, in a county other than that in which the receivership suit is pending, and this with-

out leave of the court appointing the receiver. But the mortgaged property can not be taken out of the possession or control of the receiver without the permission of the court appointing him.

**2.—Receivers—Injunction Bond.**

When a receiver procures the issuance of an injunction he should be required to give a bond. The statute is mandatory, and makes no exception in favor of receivers.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Love & Channell,* for appellant.

*Gaines & Corbett,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an appeal from an order of the judge of the District Court of Matagorda County, in vacation, granting an injunction.

W. C. Carpenter is receiver, under appointment of the District Court of Matagorda County, of the Gravity Canal Company and also of the Gravity Irrigation Company, both having their principal offices in Matagorda County.

On February 18, 1908, appellant, H. A. Paine, instituted suit in one of the District Courts of Harris County against V. O. Ford upon a promissory note for $3,492 given by Ford to appellant, and also for foreclosure of a mortgage, executed by Ford to secure the note, upon certain pumping machinery. It was alleged in appellant's petition against Ford that appellee, as receiver of the two corporations aforesaid, was in possession of the property covered by the mortgage and was asserting some character of interest in and control over the same, and the said Carpenter, as receiver of said corporations, was made a party defendant, and foreclosure of said mortgage prayed for against him, and he had been served with citation to appear and answer therein.

In this suit the receiver, appellee herein, sought and obtained from the judge of the District Court of Matagorda County an order enjoining appellant Paine from further proceeding in the Harris County suit and from endeavoring in that or any other court, except the District Court of Matagorda County, to enforce his lien on said machinery, and commanding appellant at once to dismiss said Harris County suit. Writ of injunction was issued accordingly and served upon appellant. No bond was required of appellee. In the petition for injunction certain facts are alleged by way of defense of said claim of appellant against Ford.

After he was served with the injunction appellant presented to the District Judge in chambers a motion to dissolve on the ground that the allegations of the petition did not authorize the injunction and mandatory order that appellant dismiss the Harris County suit. As a further ground it was alleged that the injunction was issued without bond, none being required in the order granting it, and also that the petition was not sworn to as required by law. The facts alleged in the petition as defenses to the said suit in Harris County were denied specifically

in detail under oath. This motion the District Judge declined to receive or consider, on the ground that appellee had not had ten days notice thereof as required by the statute, to which appellant took a bill of exceptions. From the order granting the injunction appellant appeals under the provisions of the Act of the 30th Legislature.

The question presented by the record is whether the injunction and mandatory order to appellant to dismiss his suit against Ford and the receiver were authorized upon the allegations of the petition.

Whatever may have been the law previous to the passage of the Act of April 2, 1887, applicable to a case of the character presented here, we think that under the provisions of section 8 of that Act (Art. 1483, Rev. Stats.) appellant had a right, without leave of the District Court of Matagorda County, to bring suit in the District Court of Harris County against Ford upon the promissory note referred to and to establish the mortgage lien, and to join the receiver, who was alleged to be in possession of and asserting some right or claim to the property, for the purpose of establishing his lien against him also. That section of the Act is as follows:

"When any property of any kind within the limits of this State has been placed, by order of court, in the hands of a receiver, who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit, and if a judgment is recovered against said receiver it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver." (Dillingham v. Russell, 73 Texas, 50; Fordyce & Swanson v. Withers, 1 C. C. A., 542; Garrison v. Texas & P. Ry., 10 Texas Civ. App., 136; Malott v. Shimer, 74 Am. St. Rep., 278, note 293-296; 23 Am. & Eng. Ency. of Law, 1125-6, and cases cited.)

The terms of our statute, in this particular, are broader than those of the Act of Congress (Act March 3, 1887) in that the latter Act authorizes suits against the receiver without leave of the court appointing him "in respect of any act or transaction of his in carrying on the business connected with such property." The statute of this State seems to provide for such suit in all cases where there is a cause of action of any kind against the receiver.

Such suit may be maintained to establish an indebtedness against the receiver. If such indebtedness is secured by a lien on the property it can not be that the statute which allows a suit to establish the indebtedness does not also allow the court to adjudicate and establish the lien. If such suit may be brought to establish a debt against the receiver and also a lien against the property in his hands, it follows logically that such suit may be maintained against a third party to establish the debt and lien as against him, and also against the receiver, joined in the same suit. We can see no logical ground, in construing the statute, for allowing the jurisdiction in the one case and refusing it in the other. In the case of American Loan & Trust Co. v. Central Ver. Ry. Co. (86 Fed., 390) it was held that "where property is in the hands of a receiver appointed by a court an independent suit to foreclose a mort-

gage can not be maintained, even in the same court." It appears, however, that in that case it was sought to have other receivers appointed to take immediate possession of the property, and upon this point the court says: "If this was a strict foreclosure of a mortgage in the usual form, such as is had under the laws of the State, to merely cut off the right to redeem without touching the possession of the property, it might, perhaps, be maintained as a separate suit. (Brooks v. Vermont Cent. Ry. Co., 14 Blatchf., 463, Fed. Cas. No. 1964; Mercantile Trust Co. v. Lamoille Valley Ry. Co., 16 Blatchf., 324, Fed. Cas. No. 9432.) But the extracts quoted from the mortgage and bill show clearly that immediate possession of the property by receivers now, and vendee subsequently, is sought. This can not be had without displacing that of the present receivers. That their possession will not be disturbed or changed but by, or by leave of, the court appointing them, is universal and elementary."

We quote from this opinion to show, as we understand it, the construction placed upon the Federal statute as not authorizing any interference with, or disturbance of, the possession of the receiver except by order, or leave, of the court appointing him. The same may be said with regard to our statute. The prosecution of the Harris County suit to judgment adjudicating the debt against Ford, and the lien on the property, as against Ford and the receiver is, we think, within the provisions of the statute. The matter, however, is not free from difficulty. (Abbey v. International & G. N. Ry. Co. Receivers, 5 Texas Civ. App., 262.)

It does not follow from this that that court could properly make any order, or authorize the issuance of any process, that would disturb or interfere with the possession of the mortgaged property by the receiver, now in the custody of the District Court of Matagorda County through him. It is only this possession, and the right of the court appointing the receiver to have a free hand in administering the property thus brought under its control, that courts of equity have been zealous to protect, and it was not the purpose of this statute to allow the property to be taken out of the possession of the court appointing the receiver, without its consent. In so far as it might be necessary to make order for such disposition of the property as might be proper to the final execution of the judgment of the foreign court, that would have to be done by the court in which the receivership was pending, for which purpose application would have to be made to that court. In the present case appellant would have the right in the Harris County suit to establish its debt and mortgage against Ford and the receiver, leaving to the District Court of Matagorda County to make such orders and take such proceedings as may be necessary and proper to protect and secure appellant's rights under the judgment thus obtained.

Certainly, in no aspect of the case was the District Judge authorized to interfere with the prosecution of appellant's case as against Ford, or to order the dismissal of the suit as to him, if, indeed, the order was intended to have that effect.

It is provided by section 9 of the Act referred to (Art. 1484, Rev. Stats.) that "Actions may be brought against receivers of a corporation in the county where the principal office of said corporation may be

located." (Subd. 23 and 27, art. 1194; Wills Point Merc. Co. v. Southern R. I. Plow Co., 31 Texas Civ. App., 94.) Whether, under these provisions of the statute, appellee can assert his privilege to be sued only in the District Court of Matagorda County, it is not necessary that we decide, and upon that question we express no opinion, but, under any view, it is a matter to be urged, with other defenses, in the District Court of Harris County and does not authorize the injunction.

We have been referred to no authority which authorizes the issuance of an injunction at the suit of a receiver without requiring him to give bond. The provisions of article 2997 are mandatory and no exception is made in favor of a receiver. It may seem anomalous to require of a receiver a bond in a suit for injunction sued out to protect his rights as an arm and agent of the court, but this is a matter for the attention of the law-making power. Receivers are expressly required to give bond on appeal as other litigants. (Art. 1481, Rev. Stats.; Dillingham v. Putnam, 14 S. W., 303.)

We do not agree with the contention of appellant that the affidavit of appellee to the petition for injunction, that certain facts therein stated are sworn to upon information and belief, is insufficient. At any rate, the facts thus sworn to are not material to the issuance of the injunction on the grounds upon which the District Judge acted. We conclude that the issuance of the injunction was not authorized by the allegations of the petition, nor at all without bond, and that the order of the District Judge should be reversed and the injunction dissolved, and it is so ordered.

*Reversed and injunction dissolved.*