## KIRBY v. DILWORTH & MARSHALL.*
### (No. 470–4019.)

(Commission of Appeals of Texas, Section B. April 2, 1924.)

**1. Courts** ⬅478—**Receivers** ⬅174(1)—**Under statute authorizing suit against receiver his possession and control of property under orders of court may not be interfered with.**

A court authorized by Rev. St. art. 2146, to entertain an action against a receiver, may not in any manner interfere with the possession, custody, control, and disposition of the property in his hands, nor can it grant any relief that would disturb his possession or interfere with his disposition of the property pursuant to orders of the court in which the receivership is pending.

**2. Courts** ⬅478—**Receivers** ⬅174(1)—**Adjudication of attorney's right to lien on property in receiver's hands not interference with receiver's possession, and suit maintainable.**

The adjudication of an attorney's claim against a receiver and of his right to a lien on property in the hands of the receiver by a court other than that in which the receivership proceedings were pending *held* not an interference with the receiver's possession of the property, and hence a suit for such adjudication was maintainable under Rev. St. art. 2146.

**3. Courts** ⬅478—**Receivers** ⬅174 (1) — **Prosecution of action on claim and to establish lien on property in receiver's hands held not interference with his possession.**

The fact that an action against a receiver to establish a lien on property in his possession might tend to hamper his disposal of town lots, because of inability to secure guarantees of title, *held* not to render such suit an interference with his possession,. nor would the fact that such suit and attempt to foreclose plaintiff's lien may have induced action against the receiver by third parties render it an interference with his possession so as to defeat right to maintain it under Rev. St. art. 2146.

**4. Courts** ⬅478—**Attempt to enforce judgment and lien on property in possession of ceiver held improper interference with his possession.**

Though an action against a receiver to establish a lien on property in his hands in a court other than that in which the receivership proceedings are pending would not constitute an interference with the receiver's possession, any attempt by execution or other process to enforce a judgment recoovered in such action would constitute an interference with the receiver's possession, the proper procedure being a certification of the judgment so obtained to the court in which the receivership was pending for determination there of the classification and priority of such claim and lien.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by A. H. Kirby, receiver of the Equitable Company, Inc., against Dilworth & Marshall. From a judgment of the Court of Civil Appeals (253 S. W. 860) reversing an order of the district, perpetuating a temporary injunction, and setting the same aside, plaintiff brings error. Judgment of Court of Civil Appeals reversed; judgment of district court reformed and, as reformed, affirmed.

Baylor B. Brown and Ocie Speer, both of Fort Worth, for plaintiff in error.

Estes & Ammermann and Gordon Gibson, all of Fort Worth, and Goeth, Webb & Goeth, of San Antonio, for defendants in error.

HAMILTON, J. The statement of the case made by the Court of Civil Appeals is adopted by us, and follows:

"The facts in this case material to our conclusion are that the appellee, A. H. Kirby, was duly appointed, by the district court of the Seventeenth judicial district of Tarrant county, receiver of the property of the Equitable Company, Inc., and as such took possession thereof. The property consisted in part of several hundred town lots in the city of San Antonio. Thereafter, on the ——— day of March, 1923, Messrs. Dilworth & Marshall, a firm of attorneys in San Antonio, filed suit in the Seventy-Third district court of their county against the receiver, Kirby, and said Equitable Company for the recovery of $15,000, alleging, in substance, that said sum was due them by virtue of a certain contract, made an exhibit to their petition, pursuant to which they had performed and were entitled to perform certain services in the institution and prosecution of certain suits to remove cloud from the title to the lots in controversy, and therefore were entitled to the damages claimed. It was further alleged, in substance, that, by reason of the facts presented, they were entitled to an equitable lien upon the said property of the Equitable Company, and they prayed for the establishment and foreclosure of said lien.

"Thereafter, to wit, on the 10th day of March, 1923, Kirby, as receiver, was, upon due application, by said Seventeenth district court of Tarrant county, awarded a temporary injunction restraining said Dilworth & Marshall from prosecuting their said suit. Of this order the latter parties were given notice to appear before the district court making the order, and show cause, if any they had, why it should not be made final. In answer to such notice the appellants appeared, and contested the sufficiency of the receiver's application and of the order for the writ. The court, upon the hearing, on the 2d day of April, 1923, entered an order perpetuating the injunction. * * *"

The Court of Civil Appeals reversed the judgment of the trial court and dissolved and set aside the temporary writ of injunction. 253 S. W. 860.

Article 2146, Revised Statutes, reads:

"When any property of any kind within the limits of this state has been placed, by order of court, in the hands of a receiver, who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in

*Rehearing denied May 14, 1924.

any court of this state having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit; and, if a judgment is recovered against said receiver, it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver."

The statute, in plain, unequivocal terms, authorizes suit against the receiver in his official capacity in any court of this state having jurisdiction of the cause of action. Such suit is subject to the venue statutes. Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74. The statute is broad enough to embrace any kind of a suit. There is no limitation in it as to the kind of a suit that may be filed against the receiver. Therefore, as far as the statute is concerned, the receiver may be sued in any kind of a suit in such a court. There is no limitation in the statute as to the kind of issues that may be determined in such a suit. Therefore, as far as the statute is concerned, any kind of an issue that may be involved in such a suit may be determined therein in such court.

[1] However, that any court of this state, in which the receiver is authorized by the foregoing article to be sued, cannot legally interfere in any manner with the possession, custody, control, and disposition of the property in the hands of the receiver, is elementary and indisputable. There is no contention on that point in this case. It is admitted by all parties that the district court of Bexar county cannot give relief to defendants in error that would disturb the possession of the receiver or interfere with his disposition of the property under the orders of the court in which the receivership is pending. The contention in this case is over the right of defendants in error to invoke the authority and jurisdiction of the district court of Bexar county in determining the rights of defendants in error as to a claimed indebtedness and a claimed lien to secure that indebtedness. The determination of the question of indebtedness is admittedly within the power of the district court of Bexar county under article 2146, supra. The contention is over the right of defendants in error to have that court determine whether or not they have a lien on a part of the property in the hands of the receiver. If the adjudication and determination and declaration by the district court of Bexar county of the existence of a lien on the property in favor of defendants in error to secure their debt, if a debt be found owing to them, will not interfere with the possession, control, and disposition of the property in the hands of the receiver, then defendants in error have the right to have that court determine the question of their lien. Otherwise, they have no such right.

[2] We think the adjudication of defendants in error's right to a lien on the property would in no wise interfere with the receiver's possession of the property. Neither actual possession of the property nor constructive possession of the property is in any manner involved in the question of adjudicating the matter of a lien in favor of or against either of the parties to this suit. The determination of the question of whether or not a lien exists in favor of defendants in error on any of the property in the receiver's hands has no more effect upon the possession of that property than does the adjudication of the question of whether or not defendants in error have a debt owing to them as alleged in the pleadings. Both questions are purely abstract, and are entirely disassociated with any character of physical relation to, or mental attitude toward, the actual property.

We have found no decision actually involving the question that holds otherwise. All of the decisions, as far as cited by counsel or found by us, containing expressions seemingly contrary to our view, are those in which no such question was involved, and therefore such expressions are dicta in so far as the question under consideration is concerned.

The question, so far as we have been able to find, has not been passed upon by our Supreme Court. In only two cases have we found the question to have been passed upon by our Courts of Civil Appeals. In each of those, the question was decided in accordance with the views above expressed. One of those cases was Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 430. Carpenter was receiver under appointment of the district court of Matagorda county. Paine sued V. O. Ford in the district court of Harris county upon a promissory note given by Ford to Paine and for foreclosure of a mortgage executed by Ford to secure the note. The receiver was in possession of the property covered by the mortgage, was made a party defendant, and foreclosure of the mortgage was prayed for against him. The receiver obtained from the district judge of Matagorda county an order enjoining Paine from further proceeding in the Harris county suit, and from endeavoring in that or any other court, except the district court of Matagorda county, to enforce his lien, and commanding him at once to dismiss the Harris county suit. From the order granting the injunction, an appeal was taken to the Court of Civil Appeals. Judge Reese, in delivering the opinion of the court, said:

"Whatever may have been the law previous to the passage of the act of April 2, 1887, applicable to a case of the character presented here, we think that, under the provisions of section 8, c. 131, p. 120, of that act (article 1483, Rev. St. 1895) appellant had a right, without leave of the district court of Matagorda county, to bring suit, in the district court of Harris county, against Ford, upon the promis-

sory note referred to, and to establish the mortgage lien, and to join the receiver, who was alleged to be in possession of and asserting some right or claim to the property, for the purpose of establishing his lien against him also. * * * Dillingham v. Russell, 73 Tex. 50, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753; Fordyce & Swanson v. Withers, 1 Tex. Civ. App. 542, 20 S. W. 766; Garrison v. T. & P. Ry., 10 Tex. Civ. App 136, 30 S. W. 725; Mallott v. Shimer, 153 Ind. 35, 54 N. E. 101, 74 Am. St. Rep. 278, note 293–296; 23 Am. & Eng. Ency. of Law, 1125, 1126, and cases cited. The terms of our statute, in this particular, are broader than those of the act of Congress (Act March 3, 1887, c. 373, § 3, 24 Stat. 554 [U. S. Comp. St. 1901, p. 582]) in that the latter act authorizes suits against the receiver, without leave of the court appointing him, 'in respect of any act or transaction of his in carrying on the business connected with such property.' The statute of this state seems to provide for such suit in all cases where there is a cause of action of any kind against the receiver.

"Such suit may be maintained to establish an indebtedness against the receiver. If such indebtedness is secured by a lien on the property, it cannot be that the statute which allows a suit to establish the indebtedness does not also allow the court to adjudicate and establish the lien. If such suit may be brought to establish a debt against the receiver and also a lien against the property in his hands, it follows logically that such suit may be maintained against a third party to establish a debt and lien as against him, and also against the receiver, joined in the same suit. We can see no logical ground, in construing the statute, for allowing the jurisdiction in the one case and refusing it in the other. * * * The prosecution of the Harris county suit to judgment, adjudicating the debt against Ford, and the lien on the property, as against Ford and the receiver, is, we think, within the provisions of the statute."

The other of those cases was Houston Ice & Brewing Co. v. Clint, 159 S. W. 416. In that case, the district court of Cameron county had appointed a receiver of the Ice and Gin Company of Harlingen, which owned the property involved in the suit. About a month after the receiver was appointed by the district court of Cameron county, the Houston Ice & Brewing Company filed suit in the district court of Harris county on three notes, and asked for and obtained judgment for the amount, together with foreclosure of a lien on the property in question given to secure the notes. One of the defendants was Clint, the receiver. The Court of Civil Appeals of San Antonio, Chief Justice Fly delivering the opinion, held that "under the provisions of article 2146, R. S. 1911, the suit against the receiver was fully authorized without leave of the Cameron county district court" and that "the judgment was therefore regular and valid." Writ of error was refused by our Supreme Court, 106 Tex. 508, 169 S. W. 411.

In the case of Mercantile Trust Co. v.

Lamoille Valley Railroad Co., 16 Blatchf. 324, Fed. Cas. No. 9,432, the plaintiff, owning first mortgage bonds of a railroad company, brought suit in the federal court to foreclose the mortgage and remove the two trustees, alleging that one was the sole trustee in a claimed preference mortgage of the same property, which he was seeking to foreclose in a state court, in which proceeding the other trustee had been appointed receiver of the property, and was in possession. There were demurrers and a plea of pendency of those foreclosure proceedings in the state court, and a plea of the filing of a cross-bill therein by the trustees of the first mortgage, for foreclosure, on the day after the filing of the bill in the federal court, in which the plaintiff in that court was named a defendant, and on whom process was served by order of the state court, out of the state, before the service of the subpœna in the federal court. In disposing of that case, the federal court said:

"It is familiar learning that, upon the demurrers, the bill is to be taken as true, and that, upon the pleas, the bill and pleas are all to be taken as true, unless inconsistent, in which case the allegations in the pleas prevail. These pleadings here raise two principal questions, both of which have been very thoroughly argued by counsel familiar with questions of this sort, and with these subjects. The first is, whether this court should proceed at all, or has jurisdiction to do so, while the property which is the subject of the controversy is in the custody of the state court, in the hands of its receivers. This question arises upon both the demurrers and the pleas, for the fact of the receivership is alleged in the bill as well as in the pleas.

"That this court ought not to, and cannot lawfully, go so far with the proceedings as to take the possession of the property from that court, or as to in any manner interfere with the possession of it by that court, or its officers, is not disputable. Such a course would be contrary to the provisions of the statute of the United States (Rev. St. § 720) which prohibits the writ of injunction from being granted by any court of the United States, to stay proceedings in any court of a state, unless authorized by some law relating to bankruptcy. Although the possession might be trenched upon by some process or proceeding different from an injunction in form, still the effect would be the same as if the proceedings of the state court should be stayed, and the statute would be violated in spirit, if not in letter. And, if there were no such statute, as the jurisdiction of the two courts in this class of cases is concurrent, and not revisory one of the other, the one first acquiring jurisdiction, by proceedings involving the possession of specific property, could not, upon common and well-settled principles, be disturbed in such possession by the other, while the proceedings involving the possession should be pending. The right to the possession of the property would be as exclusive as that to the rest of the proceedings. So, the debatable question here is, not whether this court will grant relief that will disturb the possession of the

state court, for, surely, it will not do that, but whether it will hear and determine any question, or grant any relief, concerning the right to the property and not extending to the possession, while that court has possession. There is nothing, either in the letter or the spirit of the statute, that prohibits a party having a question of right, or a claim to relief, that can be determined without meddling with the possession of any court, from having the question determined or the relief granted by any court of competent jurisdiction for the purpose. Neither is there anything in the nature of things which should prevent. There could be no conflict between courts or their officers, growing out of such proceedings, nor are there any apparent evils likely to follow. Neither do the authorities go to that length. In Peck v. Jenness, 7 How. (48 U. S.) 612, Mr. Justice Grier, in delivering the opinion of the court, said that the court having the possession of the property should have the disposition 'of every question which occurs in the case,' not including in the statement every question concerning the property. The cases which have followed are consistent with that distinction, and, in view of it, Watson v. Jones, 13 Wall. (80 U. S.) 679, is not at variance with the others. The right of the state court to the possession of the property, during the continuance of the litigation before that court involving the possession, was sedulously respected, and the relief granted was carefully shaped to the disposition of the possession by the state court.' In that case, Mr. Justice Miller, after stating the pleadings and proceedings, and that the bill contained a special prayer for relief that would interfere with the possession and disposition of the property by the state court, and that it contained a general prayer that would cover other relief said: 'Under this prayer for general relief, if there was any decree which the circuit court could render for the protection of the right of the plaintiffs, and which did not enjoin the defendants from taking possession of the church property, and which did not disturb the possession of the Louisville chancery, that court had a right to hear the case and grant that relief.' The authority of that case has not been questioned by the court which decided it, and it is not open to question here. In this case, as in that, some of the relief which the bill might cover would interfere with the possession of the state court, and some of it would not. The execution of an order of sale, under the provisions of the mortgage, or of an order for the delivery of possession, under other provisions, would have that direct effect, and, perhaps, the general prayer for relief would cover either; but, as before mentioned, it is clear that the plaintiff cannot have such relief. None can be had except that which will not interfere with the present possession. A decree of foreclosure would not. * * *

"The objection on account of the receivership cannot prevail to prevent proceeding in this cause, so far as it can go without interfering with the receivership; and a decree of foreclosure can be had, if the plaintiff is otherwise entitled to one, without involving such interference."

In the case of Heidritter v. Oil Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729, the state court of New Jersey sought to exercise jurisdiction over property, already in the actual legal custody and possession of the District Court of the United States, by proceedings, not merely to establish a lien, but also to enforce the lien by sale of the property. The Supreme Court of the United States held that the state court's prosecution of the suit to a sale of the property was an invasion of the jurisdiction of the federal District Court, saying:

"The court [the United States Court] had taken possession of the property itself, and that possession was necessarily exclusive. The res was thereby drawn into the exclusive jurisdiction and dominion of the United States; and, for the purposes of that suit, it was, at the same time, withdrawn from the jurisdiction of the courts of New Jersey. Any proceeding against it, involving the control and disposition of it, in the latter, while in that condition, was as if it were a proceeding against property in another state. It was vain, nugatory, and void, and as against the proceedings and judgment of the District Court of the United States, and those claiming under them, was without effect."

The court then qualified and explained its holding as follows:

"But it is to be understood, as a qualification of what has been said, that we do not mean to decide that the plaintiffs in the actions in the state court might not, without prejudice to the jurisdiction of the District Court, commence their actions, so far as that was a step required by the mechanic's lien law of New Jersey, for the mere purpose of fixing and preserving their rights to a lien, provided, always, they did not prosecute their actions to a sale and disposition of the property, which, by relation, would have the effect of avoiding the jurisdiction of the District Court under its seizure. That was the course, under similar circumstances, adopted and sanctioned by the Supreme Judicial Court of Massachusetts in Clifton v. Foster, 103 Mass. 233, where a petition to enforce a mechanic's lien, which, by statute, it was necessary to file within a fixed time in order to preserve it, was permitted to be filed after the property, by the bankruptcy of the owner, had passed into the custody of the District Court, but all further proceedings thereon were stayed to await the action of that court in the bankruptcy proceedings, on the ground that such seasonable filing was necessary to keep the lien alive, and that, without further proceedings, it could not be construed as an encroachment upon the jurisdiction of the bankruptcy court. The distinction seems to us reasonable and just, and is supported by the decisions in Williams v. Benedict [supra], and Yonley v. Lavender [supra]. In conformity with it, we refrain from pronouncing the proceedings in the state court of New Jersey invalid, so far as they do not affect the legal title of the purchaser at the marshal's sale to the premises in controversy. We decide, not that they are invalid for the purpose of declaring and establishing the lien, but that they are not good for the purpose of enforcing it,

as was attempted, by a sale and conveyance of the premises in controversy."

To the same effect are Spencer v. Welch, 51 La. Ann. 753, 25 South. 405, and Brooks v. Railroad Co., 14 Blatchf. 463, Fed. Cas. No. 1,964.

Plaintiff in error's application for writ of error, in argument, foregoes any attempt to show that the suit has interfered with or will interfere with the possession of the receiver, but assumes as a premise in his argument that it does and will interfere with such possession. In the Court of Civil Appeals' opinion it is said:

"It was alleged by appellee, and there was evidence supporting the allegations in this respect, that of the lots in controversy many had been sold on the partial payment plan, and that among the purchasers some were desiring to pay all due from them upon a guaranty of their title to which they were entitled by the terms of their contract, and that the receiver was unable to secure such guaranty because of appellants' suit and assertion of the lien."

The Court of Civil Appeals then 'says:

"But we think such difficulties more fanciful than real."

[3] Whether they are more fanciful than real makes no difference. The allegations do not go to the question of interference with the possession of the receiver by reason of the suit. The effect which the filing of the suit may have upon purchasers of the property cannot properly be construed to be an interference with the possession of the receiver by plaintiff in error. What more reason would there be for such an attitude on the part of the purchasers of the lots by reason of the attempt to foreclose the lien in the district court of Bexar county than there would have been had the attempt been made to foreclose the lien in the court in which the receivership was pending? The fact that the filing of the suit and the attempt to foreclose the lien may have induced any sort of action on the part of third parties would be no evidence that defendants in error were guilty of such action. The action of others in interfering with the receiver's possession, although induced by such suit, would not be interference with the possession of the receiver by the filing of the suit and by the adjudication by the court of the issues involved in the suit.

[4] After the rendition of a final judgment establishing the debt and the lien, if the court should decree a debt or lien to exist, no execution of the judgment by the court could legally be ordered; but such judgment establishing the debt and lien must be certified to the court in which the receivership is pending, to be disposed of by that court in the same manner that it would dispose of such a judgment if it had been rendered by that court itself. This is true because the district court of Bexar county can do nothing to interfere with the receiver's possession of the property. Enforcement of a lien by execution or other process of the court, found to exist by that court, would be such an interference. Enforcement should be sought in the court in which the whole estate is being administered. Ellis v. Water Co., 86 Tex. 109, 23 S. W. 858.

"No court can interfere with the custody of property held by another court through a receiver, but may establish by its judgment a debt against the receivership, which must be recognized even by the court appointing the receiver, and is not open to revision by it if the court rendering the judgment had jurisdiction of the subject-matter and the parties.

"The manner in which a judgment so rendered shall be paid, and the adjustment of equities between all persons having claims on the property and effects in the hands of a receiver made, must necessarily be under the control of the court having custody through its receiver, but this does not affect the jurisdiction of other courts conclusively to establish by judgment the existence and extent of a claim." Dillingham v. Russell, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753.

We recommend that the judgment of the Court of Civil Appeals be reformed so that the Seventy-Third district court of Bexar county shall be permitted only to adjudicate the claim of defendants in error's debt and lien, and, if it finds them entitled to a debt and lien, to declare and establish such debt and lien; that no execution shall issue out of the Seventy-Third district court of Bexar county on any judgment establishing either the debt or the lien and that no title to any interest in the property be by that court passed, declared, or adjudged beyond the mere establishment and fixing of the debt and the lien securing same; that said judgment, if a debt or a debt and lien be found to exist and be declared and fixed by the Seventy-Third district court of Bexar county, be certified to the district court of Tarrant county, in which the receivership is pending; that said Tarrant county district court be free to marshal the assets of the receivership and to determine the classification and priority of such debt and lien, if any shall be found in favor of defendants in error, in the distribution of the assets of said receivership; and that the judgment of the trial court in this case, in so far as it prevents and stays any execution on such a judgment and the passage of any title to any of the property by virtue of any judgment and lien that may be adjudged, declared, and fixed by the Seventy-Third district court of Bexar county in this suit, be affirmed, but in so far as said judgment enjoins the establishment and fixing of any lien in behalf of defendants in error, if a lien should be found to exist, the judgment of the trial court be reversed and the

judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed, and, as reformed, affirmed in accordance with the recommendations of the Commission of Appeals.