### EATON et al. v. WHISENANT et al.
### No. 11241.

Court of Civil Appeals of Texas. Dallas.

May 7, 1932.

Rehearing Denied June 4, 1932.

Fischer & Fischer, of Tyler, for appellants.

M. N. Chrestman, of Dallas, for appellees.

LOONEY, J.

On September 9, 1931, the Ninety-Fifth district court of Dallas county appointed Herbert W. Whisenant receiver of the assets of John W. Hooser, and among other properties taken possession of by the receiver, were three oil leases on lands in Rusk county, Tex., that is, a 20-acre tract designated Hooser-Eaton A, a 21.52-acre tract designated Hooser-Eaton B, and a 10-acre tract designated Hooser-Eaton C. G. W. Eaton and wife, Martha Elizabeth Eaton, owners, leased the lands for oil and gas purposes, and Hooser's claims to the leases were acquired by and under successive assignments from the original lessees. Prior to the appointment of the receiver, Hooser had successfully drilled tracts A and B bringing in wells producing large quantities of oil, and the receiver after appointment also produced therefrom large quantities of oil. On November 14, 1931, G. W. Eaton and wife, the owners and original lessors, also certain royalty owners, claiming under the Eatons, as plaintiffs, filed suit in the district court of Rusk county against Hooser, Whisenant as receiver, and others who claimed certain interests in and to the leases under Hooser, for the cancellation of said claims and the removal of same as clouds from the title, also for certain other relief mentioned later. Plaintiffs alleged, in substance, that the lease contracts executed by Eaton and wife, under which Hooser claimed, were, in legal effect, conveyances of oil and gas in place; that such titles were to terminate and revert to lessors (Eaton and wife) and their assigns, upon breach by the lessees or their assigns, of any of the express provisions of the lease contract; that the primary consideration moving to lessors for the execution of the contracts was an express stipulation that, if oil should be discovered and produced from said lands, the lessees, or their assigns, would deliver to the pipe line, with which lessees or assigns made connec-

tion, to the credit of the lessors or their assigns, one-eighth of all oil produced and saved from said premises free of costs to them. Plaintiffs alleged the persistent violation of this provision of the contract by Hooser, in that he had failed and refused to deliver any oil to plaintiffs or for their benefit to any pipe line, suppressed all information in regard to the disposition made by him of the oil, the quantity sold, or the price received therefor, and continuously disposed of all oil produced without making any accounting to or settlement with lessors or their assigns; plaintiffs further alleged that a well drilled on lands adjoining the 10-acre lease, Hooser-Eaton C, had, for more than three months prior to the institution of the suit, been producing oil in large quantities, draining oil from said leased land, and although plaintiffs had repeatedly demanded of Hooser that he drill an off-set well on lease C in order to save their equitable portion of the oil and protect their interests, he had persistently failed and refused to take such action; wherefore, they claimed that Hooser forfeited all rights under the lease contracts, and title to same having reverted, they sought recovery of the leases, and that the claims of Hooser and those claiming under him be removed as clouds from the title of plaintiffs; that they have an accounting and recover from the receiver, and the Toronto Pipe Line Company, to whom he made deliveries, the highest market price for all oil produced from said lands since the institution of their suit; but, if it should be determined that Hooser had not forfeited his rights under the lease contract, plaintiffs prayed in the alternative that they have an order requiring Hooser, or assigns, or the receiver, to produce and deliver to a pipe line, to be designated, for the benefit of plaintiffs, all oil produced from said lands until they shall have received 100,000 barrels in lieu of their proportion of the oil converted by Hooser prior to the appointment of the receiver.

The above is a sufficient statement of the nature of the Rusk county suit and the relief sought therein.

On December 19, 1931, the receiver filed his petition for injunction in the receivership proceedings, alleging the facts, briefly recited above, and further that, plaintiffs in the Rusk county suit did not have leave of the appointing court to institute and prosecute said suit; that the prosecution of same to judgment on either count of the petition will interfere with the administration of the receivership, and might result in dispossessing the receiver of the properties in his possession contrary to the orders of the appointing court; wherefore, petitioner prayed that said plaintiffs and their attorneys be enjoined from proceeding further with the suit. On an ex parte hearing, the court granted the writ, and the parties were enjoined accord-

ingly. On January 18, 1932, the enjoined parties moved for the dissolution of the injunction, or for its modification to the extent of permitting them to prosecute the suit in order to determine whether or not Hooser had forfeited all rights to the oil and gas in and under said lands; and, if it should be held that he had not forfeited said rights, that they be permitted to have determined in said suit the extent of their damage by reason of the conversion by Hooser of their interest in the oil produced prior to the receivership, and that any judgment rendered be certified for observance and enforcement by the appointing court.

This motion was heard February 1, 1932, and the following order was entered, viz.:

"It is therefore ordered that said motion be, and the same is hereby, overruled, and said order, enjoining plaintiff in said suit is hereby modified to the extent only as follows:

"That plaintiff in said suit * * * are enjoined from prosecuting their said cause of action against the said Receiver herein, Herbert W. Whisenant, in so far as it interferes with the possession of the properties held by said receiver under leases known and designated as Eaton 'A', Eaton 'B', and Eaton 'C' leases, but the plaintiffs in said suit, and their attorneys are permitted to proceed to establish in said cause, if possible, their claim or claims, if any, for the amount, if any, due them for the alleged oil runs from said leases prior to the time said receiver herein was appointed, and this injunction as modified is hereby continued in force and effect until further orders of this Court during the pendency of this cause of action, and the said plaintiffs hereinabove named are hereby enjoined from further prosecuting their said suit, or otherwise interfering with the possession of the properties held by said Receiver, except as herein expressly provided."

The alternative relief sought by plaintiffs in said suit was in effect to recover damages for the conversion by Hooser of their interests in oil produced from said lands prior to the appointment of the receiver; this fact the trial court recognized, and in our opinion correctly held (in the modifying order) that plaintiffs would be permitted to prosecute the suit to establish their claim or claims, if any, for any amount due them for oil converted by Hooser prior to the receivership. The court, however, kept the injunction alive for all other purposes, thus prohibiting plaintiffs from prosecuting the suit to recover the alleged forfeited leases, to remove the claims of Hooser thereto as clouds from their title, and to recover from the receiver the amount of oil produced by him after the institution of their said suit. Evidently the action of the trial court was based on the idea that the suit against the

receiver could not be prosecuted in another court without its permission, therefore, the question presented for decision is, Was it necessary for plaintiffs to have obtained such leave as a condition precedent?

Originally a receiver could neither sue nor be sued except by permission of the appointing court, but this rule has been changed by federal statute (28 USCA § 125) and in many of the states, ours on the subject (enacted in 1887) is article 2310 (Rev. St.), and reads as follows: "When property within the limits of this State has been placed in the hands of a receiver who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him. If judgment is recovered against said receiver, the court shall order said judgment paid out of any funds in the hands of said receiver as such receiver."

■ This statute has been construed in a number of instances to authorize suits (without leave of the appointing court) of any kind against receivers in courts of proper jurisdiction. Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 430, 431, was a suit for debt and foreclosure, the question raised there was the same as the one under consideration; the court denied the contention of the receiver, and in the discussion drew a distinction between the provisions of the federal statute on the subject and our own statute, saying: "The terms of our statute, in this particular, are broader than those of the act of Congress (Act March 3, 1887, c. 373, § 3, 24 Stat. 554 [U. S. Comp. St. 1901, p. 582 (28 USCA § 125)]) in that the latter act authorizes suits against the receiver, without leave of the court appointing him, 'in respect of any act or transaction of his in carrying on the business connected with such property.' The statute of this state seems to provide for such suit in all cases where there is a cause of action of any kind against the receiver." Kirby v. Dilworth, 260 S. W. 152, decided by the Commission of Appeals, was the same character of suit as Paine v. Carpenter, supra, and the decision was to the same effect, that is, the court held that the statute authorizes any character of a suit against receivers in their official capacity in any court of the state having jurisdiction of the subject-matter. Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74, was an action for cancellation of a certain deed of trust upon lands and the removal of same as a cloud from the title. Sustaining the suit the court (Commission of Appeals) held that the statute, article 2310 (2146), permits suits against

receivers in any court of the state where such court would otherwise have jurisdiction of the cause.

■ We think the suit was properly brought against the receiver in the district court of Rusk county, but this is not to say that the latter court may make any order, issue any process, or take any action in such suit that will disturb the possession, control, or management of the property by the receiver, or that conflicts with any order or direction of the appointing court relative to its control or management of the receivership and properties pertaining thereto. The doctrine is thoroughly embedded in the law of receiverships that a judgment rendered against a receiver in his official capacity by a court, other than the one appointing, must be referred to the latter for enforcement; this doctrine forbids interference by any other court with the actual possession, management, or control of the affairs of the receivership by the appointing court, and obviously its observance will prevent conflicts of jurisdiction or interference by any other court with the actual possession, management, control, or disposition of the affairs of the receivership by the appointing court. See discussion of the subject by Judge Conner. with full citation of authorities, in Dilworth & Marshall v. Kirby (Tex. Civ. App.) 253 S. W. 860, 861, 863.

■■ Final judgment in the Rusk county suit will be conclusive as between the parties on all issues adjudicated (Garrison v. T. & P. Ry. Co., 10 Tex. Civ. App. 136, 30 S. W. 725), and, when properly brought to the attention of the appointing court, should be recognized and enforced by the latter the same as if rendered therein; it follows, therefore, that, if plaintiffs succeed in obtaining a decree canceling the leases involved and removing Hooser's claims as clouds from their title, the appointing court should, by appropriate orders, eliminate such properties from the receivership, restore same to the rightful owners, and require the receiver to make proper accounting and settlement for all oil taken from the lands during the receivership; and should plaintiffs recover against Hooser damages for oil converted prior to the receivership, such claim should be classified by the appointing court, and ordered paid as other claims of the class to which it belongs.

We are of opinion that the court erred in refusing to dissolve the injunction, hence the same is hereby dissolved.

Reversed and rendered dissolving the injunction.