Monte **CAMPBELL**, Appellant,

v.

**Michael J. WOOD, in his Official Capacity as Receiver of Irish and Cherokee Transportation, Inc., and Dalmis Enterprises, Appellee.**

No. 01–90–00920–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 20, 1991.

Owen L. Campbell, Christopher Tritico, Houston, for appellant.

John Mayer, Houston, for appellee.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the trial court's order denying appellant's motion for new trial after the trial court had dismissed with prejudice appellant's complaint as a sanction under Tex.R.Civ.P. 13. The principal question we are asked to decide is whether the 151st District Court had exclusive jurisdiction over this cause of action. We hold that it did not. We reverse and remand the case to the 269th District Court for a trial on the merits.

On November 2, 1989, the trial judge in the 151st District Court of Harris County, Texas, Judge Alice Trevathan,[1] appointed Michael J. Wood as receiver of the business assets of William Jordan and Betty Jordan and various business entities owned by the Jordans in cause number 87–50925. This order, among other things, authorized Wood to take control of and operate the business affairs of the Jordans and any business entities owned by them. The order also authorized Wood to dispose of the trucking company assets of the Jordans, including motor vehicles and trailers, and to retain such proceeds pending entry of a final judgment in the receivership proceedings.

On January 11, 1990, Monte Campbell sued Wood, individually and as the receiver of the Jordans' business assets. That case was assigned the cause number 90–001112 and was assigned to the 80th District Court of Harris County, Texas. Campbell's complaint against Wood was that, acting as receiver of the Jordans' business assets, Wood wrongfully converted trucks and trailers that belonged to Campbell. Campbell asked the court to enter a judgment "that legal title to [the trucks and trailers] is in [Campbell] and that [Campbell] is entitled to use, possession and enjoyment of said property to the entire exclusion of [Wood]." Campbell also asked monetary damages for conversion.

On January 19, 1990, the 80th District Court transferred Campbell's suit, cause number 90–001112, to the 151st District Court. On March 1, 1990, Judge Trevathan entered a temporary injunction enjoining Wood from disposing of the property and set a trial on the merits for April 2, 1990.

1. The Honorable Alice Trevathan is now Chief Justice of the First Court of Appeals. She signed an order recusing herself from this case. See Tex.R.App.P. 15a (if an appellate judge partic-ipated as a trial judge, the appellate judge must recuse himself or herself when the case reaches the appellate court).

On March 23, 1990, Campbell filed a motion to recuse Judge Trevathan. This motion was transferred to the 165th District Court, which denied the motion on April 3, 1990. Campbell then filed a motion for nonsuit in the 151st District Court. The 151st District Court granted Campbell's motion for nonsuit and dismissed his suit without prejudice in cause number 90–001112.

On May 2, 1990, Campbell, joined by J.D. Sweatt,[2] filed another lawsuit, almost identical to the one that bore the cause number 90–001112, against Wood as the receiver of the Jordans' business assets. The district clerk assigned this suit the cause number 90–22841 and assigned it to the 269th District Court. Wood filed an answer alleging, among other things, that the trucks and trailers were part of the receivership property over which the 151st District Court had sole and exclusive jurisdiction. Wood's answer also alleged that, to the extent Campbell had any title or interest in any of the trucks and trailers, such interest was transferred to him contrary to law.

On June 5, 1990, Wood filed a sworn motion for sanctions in the 269th District Court, setting out the procedural history of the case, claiming that Campbell's suit was groundless, was brought in bad faith, and for the purpose of harassment. Wood made a general request for sanctions under rule 13. The transcript contains a "Notice Of Hearing" to Campbell, setting the date for submission (not a hearing) of motion for sanctions on June 18, 1990.

On June 15, 1990, Campbell filed a response to Wood's motion for sanctions and requested an oral hearing. Campbell also attached to the response copies of several certificates of title to the vehicles in question claiming that these documents supported his claim that he and Sweatt held legal title to the vehicles. On June 20,

1990, the 269th District Court, without an oral hearing, granted Wood's motion for sanctions and dismissed cause number 90–22841 with prejudice.

On July 19, 1990, Campbell filed a motion for new trial claiming, among other things, that the suit was not groundless or brought in bad faith; and that the trial court erred in imposing sanctions under rule 13 without first giving him 90 days to "withdraw or amend the [o]ffending pleading." With the motion for new trial, Campbell also filed a motion for nonsuit, asking the 269th District Court to dismiss cause number 90–22841 without prejudice. On August 13, 1990, the 269th District Court denied the motion for a new trial.

In his brief, Campbell raises five points of error, each claiming that the trial court erred in denying his motion for new trial. Campbell requests that we either reverse the trial court and remand for a trial on the merits, or, in the alternative, that we reform the trial court's judgment to show a dismissal without prejudice.

### 1. Exclusive jurisdiction

Campbell's points of error one through four assert the trial court erred in denying his motion for new trial because: (1) the evidence is legally and factually insufficient to support a finding that his suit was filed in bad faith (points of error one and two); (2) there is insufficient evidence to support a finding that his suit is groundless (point of error three); and (3) there is no evidence to support a finding that his suit was filed for the purpose of harassment (point of error four). Under the version of rule 13 in effect at the time the trial court dismissed Campbell's complaint, sanctions could be imposed when a pleading was either "groundless and brought in bad faith" or "groundless and brought for the purpose of harassment." TEX.R.CIV.P. 13.[3]

---

2. Sweatt, who initially was an appellant in this case, filed a joint motion to dismiss with Woods and is no longer an appellant in this case. Only Campbell's appeal, therefore, is before this Court.

3. Amended by order of the Texas Supreme Court on April 24, 1990, effective September 1,

1990. See TEX.R.CIV.P. 13. The amendments to rule 13 did not change the requirement that a pleading be either "groundless and brought in bad faith" or "groundless and brought for the purpose of harassment" before sanctions may be imposed.

Wood argues that by his appointement as receiver of the Jordan's assets, the 151st District Court had sole and exclusive jurisdiction over Campbell's suit, and the record demonstrates that Campbell was clearly attempting to circumvent the jurisdiction of the 151st District Court. Wood claims that this conduct on the part of Campbell supports the imposition of sanctions under rule 13. Wood also claims that the merits of Campbell's cause of action are groundless because Campbell's attempt to create a security interest in the vehicles as collateral for a debt was ineffective.

Wood's latter contention regarding the merits of Campbell's cause of action is not before this Court. Wood's motion for sanctions only complained about Campbell's attempts to file his suit in a court other than the 151st District Court. Wood's motion for sanctions did not attack or make an issue out of the merits of Campbell's cause of action. The trial court apparently agreed with Wood's contention that the 151st District Court has sole and exclusive jurisdiction over Campbell's suit, and that Campbell's attempts to file his suit in a court other than the 151st District Court justified the imposition of sanctions under rule 13. The main dispute below was not over the merit or lack of merit of Campbell's cause of action; the dispute centered over where Campbell would be permitted to litigate his cause of action. The trial court made no ruling on the merits of Campbell's cause of action, so the merits of his cause of action are not before this Court.

Moreover, when Campbell originally filed his suit in the 80th District Court, the case was transferred to the 151st District Court, not for a rule 13 hearing or any other summary hearing on whether Campbell's suit was groundless, but for a trial on the merits. In addition, the record presently before this Court is insufficient for this Court to make an informed decision regarding the merits of Campbell's underlying cause of action.

 A receiver may sue and be sued in a court, other than the court that appointed the receiver, as long as the second court does not take any action to disturb the possession, control, or management of the property by the receiver, or that would conflict with any order of the appointing court about its control of the receivership property. *See Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221, 227 (1958) (second suit, involving priorities of liens against the receivership property, did not interfere with the receiver's possession, custody, control, and disposition of the property); *Eaton v. Whisenant,* 50 S.W.2d 1109, 1111 (Tex.Civ.App.—Dallas 1932, no writ); *Kirby v. Dilworth & Marshall,* 260 S.W. 152, 153 (Tex.Comm'n App. 1924, judgm't adopted); Tex.Civ.Prac. & Rem. Code Ann. § 64.052(a) (Vernon 1986). A judgment rendered against a receiver by a court, other than the court that appointed the receiver, must be referred to the appointing court for enforcement. *See Eaton,* 50 S.W.2d at 1111 (judgment rendered against a receiver by a court other than the one appointing him must be referred to the appointing court for enforcement); *see also* Tex.Civ.Prac. & Rem.Code Ann. § 64.055 (Vernon 1986).

The cases of *Wheeler, Eaton,* and *Kirby* all involved suits against a receiver to determine the existence of liens on the receivership property, filed in a court, other than the court that appointed the receiver. *Wheeler,* 312 S.W.2d at 224; *Eaton,* 50 S.W.2d at 1110; *Kirby,* 260 S.W. at 152. All three opinions held that the suits were properly brought in the court, other than the court that appointed the receiver, because a judgment rendered by the second court would not interfere with the receiver's possession of the property. *See Wheeler,* 312 S.W.2d at 227; *Eaton,* 50 S.W.2d at 1111; *Kirby,* 260 S.W. at 153 (the adjudication and determination by the court, other than the court that appointed the receiver, of the existence of a lien on the receivership property would not interfere with the receiver's possession of the property; the determination of the question of whether a lien exists on the receivership property has no more effect on the possession of the property than does the adjudication of the question of whether the plaintiffs have a debt owing to them).

This case, like *Wheeler, Eaton,* and *Kirby,* involves the questions of the existence of liens in favor of Campbell on certain receivership property—the trucks and trailers—and of damages for Wood's alleged conversion of that property. As in *Wheeler, Eaton,* and *Kirby,* the adjudication of Campbell's right to the liens on the property and to damages for the alleged conversion of the property does not interfere with Wood's possession of the property. Therefore, it was error for the 269th District Court to impose rule 13 sanctions on the basis that Campbell was attempting to circumvent the sole and exclusive jurisdiction of the 151st District Court over the receivership property. The 269th District Court has jurisdiction over Campbell's suit; however, to enforce any judgment rendered by the 269th District Court, Campbell must apply to the 151st District Court. *See Eaton,* 50 S.W.2d at 1111; Tex.Civ.Prac. & Rem.Code Ann. § 64.055(a).

Wood's contention that the 151st District Court has sole and exclusive jurisdiction over Campbell's suit advances a common law rule that has not been the law in this State for over 100 years. *See Carpenter v. Pink,* 133 Tex. 82, 124 S.W.2d 981, 986 (1939) (by statute, the legislature abrogated the common law rule that a receiver may not be sued in a court other than that which appointed him without permission of the appointive court); *Eaton,* 50 S.W.2d at 1111 (Tex.Rev.Civ.Stat.Ann. art. 2310 (Vernon 1971),[4] which abolished the common law rule, was enacted in 1887); Tex.Civ. Prac. & Rem.Code Ann. § 64.052(a) (Vernon 1986).

We sustain Campbell's points of error one through four.

## 2. The failure to permit cure

Even if the 151st district court had exclusive jurisdiction, we would be forced to reverse. Thus, we deal with Campbell's last point of error.

In point of error five, Campbell contends the version of rule 13 that was in effect at

the time this case was dismissed did not authorize the trial court to dismiss without first giving him 90 days to "withdraw or amend the offending pleading." Campbell is correct. The trial court could not, in August of 1989, dismiss a suit without first giving Campbell notice that he had violated rule 13, and then giving Campbell 90 days to withdraw or amend his pleadings. *Watkins v. Pearson,* 795 S.W.2d 257, 260–61 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Before it was amended, rule 13 provided:

> The court may not impose sanctions for violation of this rule, if before the 90th day after the court makes a determination of such violation ... the offending party withdraws or amends the pleading....

We sustain point of error five.

---

4. Acts 1887, p. 120, *repealed by* Act of June 16, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen.Laws 3242, 3322, eff. September 1, 1985

(current version at Tex.Civ.Prac. & Rem.Code Ann. § 64.052 (Vernon 1986)).