**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-11188

Summary Calendar

JOSE MAIZ; ALFONSO ALDAPE LOPEZ; MARGARET GRIFFITHS DE ALDAPE;
ALFONSO ALDAPE GRIFFITHS; ALEJANDRA ALDAPE GRIFFITHS; ET AL,

Plaintiffs-Appellees,

VERSUS

AMIR VIRANI; ET AL,

Defendants.

IGNACIO SANTOS,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

(3:00-MC-1-H)

July 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ignacio Santos appeals the order of the district court that

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requires Santos to turn over to a receiver certain assets pursuant to TEX. CIV. PRACT. & REM. CODE § 31.002, the Texas "Turnover" Statute. He also appeals the district court's denial of his motion to transfer venue.

"A trial court's judgment as to whether issuance of a turnover order was justified is reviewed under an abuse of discretion standard and may be reversed only if the court has acted in an unreasonable or arbitrary manner. A turnover order, even if 'predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason.'" Santibanez v. Wier McMahon & Co., 105 F.3d 234, 239 (5th Cir. 1997) (citations omitted).

The statute provides, "The court may order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control . . ." Santos's argument that the district court improperly adjudicated the substantive rights of third parties fails because "the trial court [made] a factual finding that the property on which execution is sought is subject to the possession or control of the judgment debtor, even if retained by a third party." Plaza Court, Ltd. v. West, 879 S.W.2d 271, 277 (Tex. App.–Houston, 1994).

We also find that the language of the implementing order was appropriate. See Campbell v. Wood, 811 S.W.2d 753, 156 (Tex. App.–Houston 1991) ("[T]he second court [may] not take any action

to disturb the possession, control, or management of the property by the receiver, or that would conflict with any order of the appointing court about its control of the receivership property.").

Because this case had such strong ties to Texas, the district court did not abuse its discretion in denying the motion to transfer. See Harris County, Texas v. Carmax Auto Superstores, Inc., 177 F.3d 306, 319 (5th Cir. 1999).

Thus, we AFFIRM the judgment of the district court.

Finally, we DENY the motions of the appellees to dismiss the appeal and to supplement the record.

AFFIRMED; MOTIONS DENIED.