TEXAS RACIFIC RAILWAY COMPANY v. TAYLOR M. GRIFFIN ET AL.

No. 2770.

**1. Liability of Railway for Negligence of Receiver.**— A judgment rendered against Brown, receiver, while controlling as such the Texas Pacific Railway property, before his discharge, established the right of the holders of the judgment to have the sum thereby ascertained to be due paid out of the property returned at the close of the receivership; it appearing that the net earnings of the road while in Brown's hands as receiver had been expended in making improvements of which the railway company had the benefit.

**2. Same.**—The judgment against the receiver made the basis of the action against the railway company after the discharge of the receiver, in the absence of fraud in its procurement, is conclusive of the right of the plaintiffs to be paid out of any fund received by the company that would have been subject in the hands of the receiver to the payment of such claim.

**3. Case Followed.**—Johnson v. Railway Company, *supra*, page 421, followed.

APPEAL from Marion.    Tried below before Hon. John L. Sheppard.
The opinion states the case.

*F. H. Prendergast,* for appellant.

*C. A. Culberson,* for appellees.

STAYTON, CHIEF JUSTICE.—Griffin was injured in January, 1888,
by the negligence of the servants of John C. Brown, receiver of Texas
Pacific Railway.    In March, 1888, he filed suit against the receiver in
the District Court of Marion County, and on June 22, 1888, recovered
a judgment for $4400.    Brown appealed, and this court affirmed the
judgment.    Griffin sold one-half of the judgment to Loony, Mason, and
Culberson.    On December 12, 1888, these four persons sued the Texas
Pacific Railway Company in the District Court of Marion County on the
judgment.    On January 21, 1888, they recovered a judgment against the
Texas Pacific Railway Company for $4605, from which this appeal is
prosecuted.

The same defenses were set up by the railway company that were in
the case of Texas Pacific Railway Company v. Johnson, this term de-
cided; and the petition of the receiver asking discharge, as well as the
orders of the court made thereon, offered in evidence in that case, were
offered in evidence in this.

It was further proved in this case that during the time the railway was
in the hands of the receiver he expended under the orders of the court
that appointed him, in making permanent improvements on the road,
from the net earnings more than $2,300,000.    The character of improve-
ments made are stated in the opinion in the case before referred to.

Assignments of error are:    " The court erred in rendering judgment
against the Texas Pacific Railway Company, because the evidence showed
that plaintiff Griffin was injured while the Texas Pacific Railway was
under the control of John C. Brown as receiver, and by the acts of the
employes of said receiver.    Said road was not under the control of the
Texas Pacific Railway Company.

"The court erred in rendering judgment against the Texas Pacific
Railway Company, because there are no facts making the Texas Pacific
Railway Company liable for the acts of the employes of said Brown as
receiver.

"The court erred in rendering judgment against the Texas Pacific
Railway Company, because under the orders discharging Brown from his
receivership this court has no jurisdiction to determine whether the Texas
Pacific Railway Company is liable for the damage caused by the receiver
while operating the railway, and under said order discharging said re-
ceiver the Texas Pacific Railway Company became liable only to such

persons as may intervene in the cause where the receiver was appointed."

It will be seen that these assignments are intended to raise questions considered and decided in the case before referred to, and as the facts on which their decision rests are in so far the same in the two cases, what was said in that case is applicable to this.

We therefore hold that the judgment rendered against the receiver before his discharge establishes the right of appellees to have the sum thereby ascertained to be due paid out of the property returned at the close of the receivership, it appearing that of the net earnings of the road while in the hands of the receiver more than $2,300,000 had been expended in making improvements, of which appellant has the benefit.

No question is made as to the sufficiency of the fund which ought to have gone to the payment of claims of this character to satisfy all such. On the fund which was thus diverted from the use to which it ought to have been applied by the receiver Griffin had a lien, and appellant having received it, is liable for the payment of sum due him under the general principles of law applicable to the question, as well as under the order of the court through which it received the property from the receiver. So much of that order as declared that the company should hold the property after discharge of receiver, subject to the payment of such claims as existed against him, was but the assertion of an equitable rule not dependent for its existence on that order but on the facts which alone authorized such an order to be made.

As we have seen in the case before referred to, the parts of that order which prescribed the manner and time within which persons holding such claims should enforce them can not affect the right of appellees to enforce their claim in any other lawful manner, and within such time as the law has prescribed.

The judgment made the basis of this action was rendered against the receiver prior to his discharge; he was then the representative of the company as to the fund out of which its liability now arises, and a judgment against him, in the absence of fraud in its procurement, is conclusive of the right to be paid out of any fund received by the company that would have been subject in his hands to payment of the claim.

The fact that the property of the company was in the hands of the receiver and managed by him when Griffin was injured is a matter of no importance, in view of the fact that the company received from him when discharged property in his hands subject to the payment of the debt.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 11, 1890.