### E. E. GARRISON v. TEXAS & PACIFIC RAILWAY COMPANY.
#### No. 1772.

1. **Judgment Against Receivers of Railway Company Under Act of Congress.**—The Act of Congress (March 3, 1887) authorizing receivers appointed by Federal courts to be sued without leave of the court making the appointment, has the effect of making the judgments in suits so brought conclusive as to the amount thereof.

2. **Same—Rejection of Judgment Against Receiver—Effect.**—Where a judgment obtained in a State court against the receivers is, by intervention, presented for payment in the Federal court administering the receivership, its rejection by that court does not annul the claim altogether.

3. **Same—Judgment Claim Enforced After Termination of Receivership.**—Where the receivers are subsequently discharged and the property returned to the railway company with betterments of great value made by them, such claim in judgment against the receivers may be then enforced by suit thereon against the company, notwithstanding its nonallowance as against the receivers.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON.

*M. D. Priest,* for appellant.

*George Thompson,* for appellee.

HEAD, ASSOCIATE JUSTICE.—On November 5, 1887, appellant recovered judgment in the Justice Court for Precinct No. 1 of Tarrant

County, Texas, against Sheldon and Brown, as receivers of the Texas & Pacific Railway Company, for $100 and costs. He then by intervention presented a copy of this judgment to the court which appointed the receivers, and asked for its payment. Evidence was heard by the master upon the merits of the claim, and he filed with the court a report recommending its rejection. The court approved this report, and entered an order dismissing the intervention.

The receivers were subsequently discharged, and the property returned to the company, with betterments made by them of the value of several million dollars. This suit was subsequently instituted to recover of the company the amount of said judgment and costs, and the answer consisted of a plea of res adjudicata, based upon the action of the court in approving the report of the master as above set forth. The receivers were appointed, and the order of rejection referred to was made, by the Circuit Court of the United States sitting at New Orleans, La. The court below in effect sustained this plea, and a verdict and judgment followed in favor of the company.

We think it must now be accepted as settled that the Act of Congress which authorizes receivers appointed by Federal courts to be sued without leave of the court making the appointment, has the effect of making the judgments rendered in suits so brought conclusive as to the amount thereof. Dillingham v. Hauk, 60 Fed. Rep., 494; Central Trust Co. v. Railway, 59 Fed. Rep., 523; Dillingham v. Russell, 73 Texas, 47; Railway v. Johnson, 151 U. S., 81.

The evidence taken by the master as to the merits of this claim could therefore only have been used by the court which had charge of the receivership for the purpose of enabling it to make a proper classification for payment, while the property remained in its charge; and the refusal to allow it to be paid by the receivers left it standing as other valid claims against the property, to be collected after that court released its control. The filing of an intervention by the owner of one of these judgments, for the purpose of having it paid, does not give the court charged with the duty of providing for the payment jurisdiction to annul the claim altogether. This power was taken from it by the Act of Congress. See authorities supra.

That this judgment is conclusive in this case, as to the amount thereof, against the property returned to appellee, under the circumstances above set forth, has been decided in this State. Railway v. Griffin, 76 Texas, 441.

Upon the trial in the court below, the parties agreed that the costs in the case in which the judgment sued upon was rendered amount to the sum of $3.85. We therefore have all the data necessary to enable us to here render such judgment as the court below should have rendered.

The judgment of the court below will be reversed and here rendered in favor of appellant for the sum of $100, with interest thereon at 8

per cent from November 5, 1887, to this date, and for the further sum of $3.85, costs as aforesaid.

*Reversed and rendered.*

Delivered March 27, 1895.