**YOUNT et al. v. FAGIN et al.** (No. 624.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 18, 1926.)

**Appeal and error** ⚖=1185—**Court of Civil Appeals is authorized by order nunc pro tunc to correct errors in its judgment.**

Court of Civil Appeals has authority by order nunc pro tunc to correct judgment entry on minutes, where it is incorrect and does not express judgment as actually rendered.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

On motion to correct and amend judgment. Motion denied.

For former opinion, see 244 S. W. 1036.

Beeman Strong and Orgain & Carroll, all of Beaumont, for appellants.

HIGHTOWER, C. J. This is a motion filed by M. F. Yount, B. E. Quinn, and J. F. Guil-martin, who were the appellants in the above entitled and numbered cause, praying that this court enter an order at this time correcting and amending the judgment entry in this cause as it appears upon the minutes of this court, so as to make the same reflect more clearly the judgment that this court rendered in this cause.

The judgment, the entry of which is sought to be corrected, was rendered and entered on October 5, 1922. By this judgment, as we construe it, it is clear and certain that this court reversed the trial court's judgment on every material point involved in the appeal, and rendered judgment thereon in favor of the appellants. We are unable to see how this conclusion can be escaped, when this court's judgment is construed in the light of its opinion in this cause, which is correctly reported in 244 S. W. 1036. Certainly, it is plain and clear from this court's judgment, as entered, read in the light of its opinion, that this court reversed the judgment of the trial court wherein that court held that the appointment by the court of the receiver in cause No. 6398, and the receiver's acts under that appointment were invalid and void, and this court rendered judgment to the contrary. It is also clear and certain from this court's judgment, as entered, read in the light of our opinion, that this court reversed the judgment of the trial court wherein that court held that the appellants in this cause were not entitled to recover the two tracts of land in controversy on their plea that they were innocent purchasers, and that this court rendered judgment to the contrary.

We are aware that this court has authority, by an order nunc pro tunc, to correct a judgment entry upon the minutes of this court, where the same is incorrect and does not express the judgment of this court as actually rendered. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, and authorities there cited. But when, as here, the judgment as entered, when properly construed, needs no correction, there is nothing for this court to amend or correct, and a motion praying such relief should be denied.

It follows from the views above expressed that this court is of the opinion that the motion to correct and amend the judgment entry in this court is not well taken, because there is no necessity for the relief prayed, and the motion is therefore overruled and denied.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes