**SENECA SECURITIES CORPORATION v. MEDINAH ATHLETIC CLUB et al.**

**ARCHER STONE SETTING CO. et al. v. SENECA SECURITIES CORPORATION et al.**

No. 5178.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1934.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellants, each of whom is a general creditor of Medinah Athletic Club, complain of the action of the District Court in denying them leave to file their petition presented for the purpose of contesting a prior order of the court appointing a general receiver for Medinah Athletic Club, and a subsequent order restraining all creditors of Medinah Athletic Club from beginning or prosecuting proceedings upon their claims elsewhere than in the general-receivership.

June 30, 1931, Seneca Securities Corporation filed in the District Court its bill in equity to foreclose a second mortgage or trust deed given it by Medinah Athletic Club conveying property therein described as security for an issue of its notes aggregating $1,000,000. On the same date the court appointed a receiver for all property of Medinah Athletic Club covered by this trust deed.

July 31, 1931, the American Laundry Machinery Company, a general creditor, on its own behalf, and on behalf of all other similarly situated creditors of the Medinah Athletic Club, filed its amended and supplemental bill in equity in said court, setting up a state of facts whereunder it asked for appointment of a general receiver for the Medinah Athletic Club for the liquidation and distribution of all its assets. On the same day the court appointed as general receiver for all property of the Medinah Athletic Club, under the said amended and supplemental bill, the same person who had been appointed receiver under the bill of the Seneca Securities Corporation.

On the same day Medinah Athletic Club filed in the said court its motion to dismiss the bill of American Laundry Machinery Company, on the ground, inter alia, that that company was not a judgment creditor and was not entitled to maintain its bill.

November 24, 1931, by leave of the court granted on that day, the Continental National Bank & Trust Company filed in the court its bill for the foreclosure of its first mortgage or trust deed on real property of the Medinah Athletic Club, as well as mortgages to the complainant upon certain of the chattel property of Medinah Athletic Club, and asking for the appointment of a receiver for all property so covered by the trust deed and mortgages.

On the same date the court entered an order appointing as receiver under said last-

Edward M. Keating, of Chicago, Ill., for appellants.

Carroll A. Teller, Walter H. Eckert, Abe R. Peterson, David F. Rosenthal, and Herbert A. Friedlich, all of Chicago, Ill., for appellees.

named bill the same person who had been receiver under the two other bills; and by order of the court the said three bills were consolidated.

January 4, 1932, the court entered an order in the three consolidated causes restraining all persons, including creditors and others having claims against the Medinah Athletic Club, from instituting or prosecuting in any court of law or equity, save in the receivership, any action or claim against the Medinah Athletic Club, and from interfering with the possession by the receiver of any and all property of the Medinah Athletic Club.

April 22, 1932, the court entered an order modifying in some respects its prior order of July 31, 1931, for appointment of a general receiver under the amended bill of American Laundry Machinery Company, and reciting that the order was "upon the appearance and stipulation of all the parties hereto." The order continued in force the order of July 31, 1931, for the general receivership, save as modified and construed by the order of April 22, 1932.

December 27, 1933, appellants presented to the court their petition herein, reciting substantially the foregoing facts, and alleging that the American Laundry Machinery Company, as a simple contract creditor, was not entitled to commence proceedings for the appointment of a general receiver for the Medinah Athletic Club, and that the receivership under its bill was constituted without any jurisdiction of the court and was void, and that the injunctional order restraining petitioners from bringing suit upon their respective claims is void, and asking that the injunctional order be vacated or modified so that the petitioners may be free to prosecute their actions at law or otherwise, or that, in the alternative, the order appointing a general receiver for the Medinah Athletic Club be set aside and held for naught. Upon the same date the court entered an order denying the petition.

 While, in general, only judgment creditors may begin proceedings in the nature of creditors' bills wherein, in proper case, receivers for a debtor's property may be appointed, it does not follow that, where such receivership has been constituted at the suit of a simple creditor, the receivership cannot in any event be maintained. It seems to be well established that such a receivership, by whomsoever the action therefor was begun, if consented to by the debtor, cannot afterward be defeated because the party be-

ginning it was not a judgment creditor. Equitable Trust Co. v. A. C. White Lumber Co. (D. C.) 41 F.(2d) 60, where cases are collected. The warning sounded in Shapiro v. Wilgus et al., 287 U. S. 348, 53 S. Ct. 142, 77 L. Ed. 355, 85 A. L. R. 128, should be, however, in all instances heeded. There the court said (page 356 of 28 U. S., 53 S. Ct. 142, 144) : "True indeed it is that receivers have at times been appointed even by federal courts at the suit of simple contract creditors if the defendant was willing to waive the irregularity and to consent to the decree. This is done not infrequently where the defendant is a public service corporation and the unbroken performance of its services is in furtherance of the public good. Re Metropolitan Railway Receivership, 208 U. S. 90, 109, 111, 28 S. Ct. 219, 52 L. Ed. 403. It has been done at times, though the public good was not involved, where legitimate private interests might otherwise have suffered harm. United States v. Butterworth-Judson Corp., 269 U. S. 504, 513, 46 S. Ct. 179, 70 L. Ed. 380; Kingsport Press v. Brief English Systems (C. C. A.) 54 F.(2d) 497, 500; Harkin v. Brundage, supra, 276 U. S. p. 52, 48 S. Ct. 268, 72 L. Ed. 457. We have given warning more than once, however, that the remedy in such circumstances is not to be granted loosely, but is to be watched with jealous eyes. Michigan v. Michigan Trust Co., 286 U. S. 334, 345, 52 S. Ct. 512, 76 L. Ed. 1136; Harkin v. Brundage, supra. Never is such a remedy available when it is a mere weapon of coercion, a means for the frustration of the public policy of the state or the locality. It is one thing for a creditor with claims against a corporation that is legitimately his debtor to invoke the aid of equity to conserve the common fund for the benefit of himself and of the creditors at large. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 380, 14 S. Ct. 127, 37 L. Ed. 1113. Whatever hindrance and delay of suitors is involved in such a remedy may then be incidental and subsidiary. It is another thing for a debtor, co-operating with friendly creditors, to bring the corporation into being with the hindrance and delay of suitors the very aim of its existence. The power to intervene before the legal remedy is exhausted is misused when it is exercised in aid of such a purpose. Only exemplary motives and scrupulous good faith will wake it into action." See also First National Bank of Cincinnati v. Flershem, 290 U. S. 504, 54 S. Ct. 298, 78 L. Ed. 465, 90 A. L. R. 391.

■ The authorities also hold that where parties, who have been interested in the proceedings and are moving to set aside the receivership, have permitted the receivership to continue without objection for so long a time that to discontinue it would result in embarrassment to all concerned, the moving party is estopped by his own conduct to complain, and the receivership will not thereafter be disturbed because commenced by parties who are not judgment creditors. Harkin v. Brundage, 276 U. S. 36, 51, 52, 48 S. Ct. 268, 72 L. Ed. 457; Equitable Trust Co. v. A. C. White Lumber Co., supra.

■ From inspection of this record it seems to us that appellants' undertaking to have this receivership ended because the suit was begun by a complainant who was not a judgment creditor is met by both the above-mentioned exceptions. It is true that upon the date of the filing of the amended bill of American Laundry Machinery Company, under which the general receivership was constituted, Medinah Athletic Club filed a motion to dismiss the bill upon the ground, among others, that the complainant in that action was not a judgment creditor; but it does not appear that this motion was ever called up for disposition, but has ever since lain dormant. If this of itself does not sufficiently manifest acquiescence in the general receivership, the modifying and construing order of April 22, 1932, which was entered on agreement and stipulation of all the parties, and which continued in force the injunctional order except as so modified, sufficiently indicates that Medinah Athletic Club gave its consent to the general receivership. It can make no difference in principle whether this consent was given before the receivership was constituted or at some time during the course of the proceedings; the effect is the same.

Presumably during the year and nine months intervening between the appointment of the general receiver and the exhibiting of appellants' amended bill the general receiver had proceeded with the administration of the estate, and it would require a satisfactory showing to the contrary to make it appear that embarrassment to all concerned would not now follow a discontinuance of the general receivership. This alone would be sufficient ground for the exercise of the court's discretion in favor of the denial of appellants' petition for discontinuance of the receivership. We are of opinion that, so far as the receivership is concerned, the record discloses no error in the court's denial of the petition.

■ But so far as the petition was directed to a modification of the injunctional order against the prosecution of creditors' claims elsewhere than in the receivership, it is not so clear that enforcement of the restraining order as entered might not result in undue injury to appellants. Upon the oral argument it was strenuously insisted, as appellants' main contention, that the injunctional order threatens.to deprive appellants of their Illinois statutory right of redemption from mortgage sale of a debtor's real estate. Indeed, it was stated and conceded that under the Seneca Securities Corporation mortgage a sale had already taken place, from which the time of redemption for creditors will expire next March. The statutes of Illinois make definite provision for redemption from mortgage sale—one year for the mortgagor and three months thereafter for judgment creditors. Smith-Hurd Ann. St. Ill. c. 77, §§ 18, 20, Cahill's Rev. St. Ill. 1933, c. 77, pars. 18, 20. Appellants are not judgment creditors; but, as we view it, they should not, by being prevented from becoming such, be deprived of what is sometimes a substantial right. Indeed, 'on the oral argument any purpose of depriving appellants of the right of redemption was expressly disavowed, and all parties voiced the desire that appellants' right in this respect be preserved.

Just how this shall be preserved to appellants and the injunctional order remain as entered was not pointed out. Time is passing, and if, in order to avail of the right to redeem, appellants must procure judgments, there is no time to be lost in beginning proceedings to that end. Whether there is any likelihood, however remote, that any of these creditors could or would make such redemption does not concern us. If the injunctional order threatens to deprive them of this statutory right, we believe the order should be so modified as not to interfere with it, and that in such case the order should be promptly modified accordingly.

The.cause is therefore remanded to the District Court with direction to so modify the restraining order, or to take such other course, as will enable appellants, or any of them, to undertake to qualify themselves for making redemption from any sale or sales under any mortgage or trust deed involved in these proceedings, without thereby transgressing any injunctional order of the court.

The costs of the appeal shall be borne equally by the opposing sides.