Payne H. RATNER, Jr., Administrator,
Appellant,

v.

J. D. WHEELER, Receiver, Appellee.

No. 10465.

Court of Civil Appeals of Texas.

Austin.

April 10, 1957.

Rehearing Denied May 1, 1957.

T. E. Wells, F. D. Wear, Paris, for appellant.

Ross Gault, V. F. Taylor, Austin, for appellee.

GRAY, Justice.

Appellant, Payne H. Ratner, administrator of the estate of Torrence Davis, deceased, brought this suit against appellee, J. D. Wheeler, receiver of General American Casualty Company (later called American) to establish against the receiver a claim for the amount of a judgment previously obtained against American.

The record shows that Torrence Davis recovered a judgment in the United States District Court for the District of Kansas against Carl Nash d/b/a Nash Produce Company (later called Nash) in Cause No. W-393 for $52,551.61. This judgment was for personal injuries sustained by Davis and the judgment was entered June 25, 1953.

At the time of the injuries supra there was in force a policy of insurance issued by Alamo Casualty Company to Nash and which was later assumed by American. This policy obligated American to defend suits against Nash for damages for personal injuries and provided insurance in an amount up to $10,000 on each person injured.

On May 4, 1954, Torrence Davis filed suit in the 101st district court of Dallas County, Texas, against Nash and American seeking to recover the amount of the judgment in Cause W–393 supra. He alleged that American was negligent in failing to defend Nash in Cause W–393 and in failing to settle his (Davis') claim against Nash for $9,500 pursuant to Davis' offer to settle the claim for that amount. Appellant's petition alleged that attorneys for Nash filed an answer in Cause W–393 but subsequently filed their motion to withdraw as such attorneys. This motion in part is:

"The Alamo Casualty Company issued its policy of insurance, No. 271035, in which the insured was Nash Produce, 718 Pine Bluff Street, Paris, Texas, which said policy described one certain 1949 Ford 2-ton tractor, motor No. 98EQH717, with Fruehauf semi-trailer. The inception date of this policy was June 1, 1950, its expiration date was June 1, 1951. On May 4, 1951, the said insured, being the defendant, Carl Nash, d/b/a Nash Produce Company herein, reported to the Alamo Casualty Company that the said vehicle had been involved in an automobile accident on April 30, 1951, near Wichita, Kansas, while driven by one James R. Cook.

"Subsequently, this action was filed, asserting claims arising out of the said collision. The Alamo Casualty Company employed the applicants on or about April 15, 1952 to defend the said defendant, Carl Nash, d/b/a Nash Produce Company, in accordance with the terms and provisions of the said policy. Pursuant to this employment, the applicants investigated the circumstances of the collision, prepared and filed pleadings herein, and prepared for the trial of this action.

"The General American Casualty Company, successor to the Alamo Casualty Company, made arrangements on April 16, 1953 for the said James R. Cook to appear in Wichita, Kansas as a witness on behalf of the defendant, Carl Nash, d/b/a Nash Produce Company, at the trial of this action, providing him with transportation and paying his expenses. On or about April 19, 1953, the defendant, Carl Nash, persuaded the said James R. Cook that he should not come to Wichita, Kansas to testify in this action. This act of the defendant, Carl Nash, constituted failure on his part to cooperate with the insurer in the defense of the action and avoided the said policy of insurance.

"Since the duty of the insurer to defend the defendant, Carl Nash, has thus terminated, the *applicants* respectfully petition this Court for leave to withdraw as attorneys of record for Carl Nash, d/b/a Nash Produce Company, and request that this Court afford the defendant, Carl Nash, d/b/a Nash Produce Company, a reasonable time within which to employ other counsel."

It was alleged that the motion was granted April 20, 1953.

Cause W–393 is styled:

"Torrence Davis,
Plaintiff

v.

Carl Nash, d/b/a Nash Produce Company and General American Casualty Company,
Defendants

Civil No. W–393

Judgment

"

That judgment was against Nash only.

American's attorneys answered but did not defend the suit in the 101st district

court and Torrence Davis recovered a judgment against Nash and American, jointly and severally, for $52,515.61, interest and costs. This judgment is dated November 29, 1954, and will be later referred to as Cause 90,260–E.

J. D. Wheeler was appointed receiver for American on July 6, 1954.

The above judgments became final and have never been satisfied.

Torrence Davis died testate in Kansas on January 23, 1955. His will was admitted to probate and Payne H. Ratner, Jr., was appointed administrator with will annexed on February 26, 1955, by the probate court of Sedwick County, Kansas.

Appellant filed his claim with the receiver for $52,515.61 and thereafter the receiver replied by letter as follows:

"Dear Sir:

"Claim filed by you in the amount of $52,515.61 has been approved to the extent of $10,000.00 as that of a general unsecured creditor of General American Casualty Company, in receivership, to participate on a pro rata basis in such funds as we are able to realize from the Company's assets. It has been rejected for any and all purposes as a proper liability of the receivership estate insofar as the balance of $42,515.61 is concerned. The above action is taken in view of the fact that the policy limit is $10,000.00. Please accept this letter as official notice in the premises."

This suit was filed subsequent to the receipt of the above letter.

At a nonjury trial judgment was rendered approving appellant's claim to the extent of $10,000 as that of a general unsecured creditor, without execution and without interest.

Appellant here presents two points. These are to the effect that the trial court erred: (1) in changing a valid, existing, final and unsatisfied judgment by reducing

the amount thereof by $42,515.61 because the said judgment was res judicata between the parties, and (2) in changing a final judgment because there was no evidence to support the change.

Sec. 3(e) of Art. 21.28, Texas Insurance Code, V.A.T.S., in part, provides:

" * * * No judgment against an insured taken after the date of the commencement of the delinquency proceedings shall be considered in the proceedings as evidence of liability, or of the amount of damages, and no judgment against an insured taken by default or by collusion prior to the commencement of the delinquency proceedings shall be considered as conclusive evidence in the proceeding, either of the liability of such insured to such person upon such cause of action, or of the amount of damages to which such person is therein entitled."

The statute supra was passed by the 54th Legislature, Acts 1955, 54th Leg., p. 737, ch. 267. It was not in effect at the time (November 29, 1954) the judgment in Cause 90,260–E was rendered. The legal effect of this statute as to appellant's claim then is important to our decision of the question here presented. We think it does not undertake to deal with the conclusiveness of the amount of the judgment recovered in Cause 90,260–E but deals only with the mode or manner of establishing that judgment as a claim against the receiver the payment of which is under the control of the court appointing him. Brunk v. Hamilton Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903, 906. 36 Tex.Jur. Sec. 128, p. 250.

■ Insofar as the statute supra deals with the mode or manner of establishing claims against the receiver it is procedural and remedial and is a valid enactment of the Legislature. 39 Tex.Jur. Secs. 144 and 145, p. 272 et seq.; 9 Tex.Jur. Sec. 110, p. 544. Sharber v. Florence, 131 Tex. 341, 115 S.W.2d 604.

■ In Cause 90,260–E the 101st district court by its judgment established a debt against Nash and American which judgment appears to have been recognized by the court appointing appellee receiver for American. However the

> "manner in which a judgment so rendered shall be paid, and the adjustment of equities between all persons having claims on the property and effects in the hands of a receiver made, must necessarily be under the control of the court having custody through its receiver; but this does not affect the jurisdiction of other courts conclusively to establish by judgment the existence and extent of a claim." Dillingham v. Anthony, 73 Tex. 47, 11 S.W. 139, 140, 3 L.R.A. 634; 45 Am. Jur. Sec. 332, p. 268.

■ At the time of the trial the judgment in Cause 90,260–E supra was urged as a valid claim against the receiver and it was necessary to consider its merits in order to properly classify the claim for payment. Under the statute supra, Art. 21.28, the judgment was not evidence of liability or of the amount of damages because it was "taken after the date of the commencement of the delinquency proceedings."

The evidence before the trial court includes the judgment in Cause W–393 and Cause 90,260–E and also the pleadings in those causes. This evidence shows that appellant is seeking to enforce against the receiver the negligence of American in failing to defend Nash in Cause W–393 and its negligence in failing to settle Torrence Davis' claim against Nash for $9,-500 which offer of settlement was made by Davis and not Nash.

The policy of insurance is not before us but the evidence shows it insured Nash for $10,000. It was written for the benefit of Nash and not Torrence Davis. Its purpose and object was to protect Nash and

there was no privity of contract between Davis and the insurance company. Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S.W. 307, L.R.A.1917F, 924; 29 Am. Jur. Sec. 1080, p. 810. There is no evidence in the record that Nash has at any time asserted a claim against American.

■ We think that Art. 21.28, supra, authorized the trial court to consider the merits of appellant's claim against American in order to arrive at a conclusion as to its proper classification for payment and that it is not shown that he erred in allowing the claim for the amount of $10,000 only.

We think that as to the judgment in Cause 90,260–E the following from Garrison v. Texas & P. Ry. Co., 10 Tex.Civ. App. 136, 30 S.W. 725, 726, is appropriate:

> "The evidence taken by the master as to the merits of this claim could therefore only have been used by the court which had charge of the receivership, for the purpose of enabling it to make a proper classification for payment, while the property remained in its charge; and the refusal to allow it to be paid by the receivers left it standing as other valid claims against the property, to be collected after that court released its control. The filing of an intervention by the owner of one of these judgments, for the purpose of having it paid, does not give the court charged with the duty of providing for the payment jurisdiction to annul the claim altogether. * * * That this judgment is conclusive in this case, as to the amount thereof, against the property returned to appellee, under the circumstances above set forth, has been decided in this state. [Texas Pac.] Railway Co. v. Griffin, 76 Tex. 441, 13 S.W. 471."

The judgment of the trial court is affirmed.

Affirmed.

**HUGHES, Justice (concurring).**

It is my opinion that the receiver had the right to question the Dallas County judgment without the aid of Sec. 3(e), Art. 21.28 of the Insurance Code, V.A.T.S.

The receiver was not a party to the Dallas suit. He was a stranger to such action insofar as he represents the creditors of General American, except perhaps creditor Davis. A stranger to a judgment may collaterally attack it. He may assail the judgment on any ground which a party thereto could urge on direct attack. Sec. 251, Vol. 25, Tex.Jur. (Judgments).

Is the Dallas County judgment vulnerable? In my opinion it is about as erroneous as a judgment could possibly be insofar as it adjudged General American to be primarily liable to Torrence Davis for any amount in excess of $10,000, the amount of the insurance it carried for Nash.

Appellant states that his Dallas County suit against General American was based on the Kansas judgment against Nash and the

"* * * negligence and bad faith on the part of General American Casualty Company in failing to properly defend said suit as it was obligated to do by a policy of insurance issued by Alamo Casualty Company to Carl Nash, d/b/a Nash Produce Company, which policy had been assumed by the General American Casualty Company, and negligence and bad faith on the part of General American Casualty Company in failing and refusing to settle Torrence's claim against Carl Nash for the sum of $9,500.00, such offer having been made by plaintiff Torrence Davis prior to judgment in said cause."

When inquiry was made of appellant's counsel on oral submission of this case how Davis could complain of General American's negligent failure to defend Nash which inured to the benefit of Davis, reference was made to the doctrine of the Stowers case. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 1929,

15 S.W.2d 544. This case, of course, does not furnish any authority for the Dallas judgment. There the *insured* sued its *insurer* to recover the amount of the judgment against it and which it *had paid* to the injured party, the judgment being in excess of the policy limit, on the ground of negligence of the insurer in not properly defending the suit which defense it undertook under the terms of the insurance policy.

Here Davis obtained a judgment for $52,551.61 against Nash which, he states, but for General American's negligence would have been only for $9,500.

Now if Nash had paid the Davis judgment and was suing General American the Stowers case would be applicable. It is conceded here that neither Nash nor General American has paid the judgment.

In my opinion it would have been a fraud on the other creditors of General American for this judgment to have been approved in any amount above the amount of the insurance policy.