**ARKANSAS LOUISIANA GAS COM-
PANY, Plaintiff,**

v.

**H. A. KROEGER et al., Defendants.**

**Civ. A. No. 11657.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 5, 1961.

Neal Powers, Carthage, Tex., for Lee B. Thompson, trustee and ancillary trustee.

Bryan & Patton, E. H. Patton, Jr., Houston, Tex., for ancillary trustee.

Butler, Binion, Rice & Cook, Cecil N. Cook and Fletcher H. Etheridge, Houston, Tex., for plaintiff.

Dillard Baker and K. C. Minter, Houston, Tex., for defendant Humble Oil & Refining Co.

Jerome Pope, Houston, Tex., for defendants Jane Neff Hearn and Mae Yvonne Neff Pope.

John D. Furrh, Jr., Marshall, Tex., for defendants B. H. Timmins and Security State Bank of Elysian Fields, Texas, and Roosevelt Johnson and others.

Jack K. Ayer, Houston, Tex., for defendants Annie May and C. E. Moore, Sr.

Ruff Wall, Carthage, Tex., for defendants Margaret B. Moller, individually and as temporary administratrix of the estate of Maude S. Wooten and Arthur L. Moller.

Jones, Brian & Jones, Marshall, Tex., for defendant K. Baker, receiver.

Golden, Croley, Howell, Johnson & Mizell, Dallas, Tex., for defendants Imperial Production Corp., and others.

HANNAY, District Judge.

On the 5th day of October, 1961, in the above entitled and numbered cause, came on to be heard the motion of Lee B. Thompson, Trustee, and E. H. Patton, Jr., Ancillary Trustee, for a prohibitory order against Arkansas Louisiana Gas Company, Plaintiff in said cause, prohib-

iting, enjoining and restraining Plaintiff from causing citation herein to be issued to and served upon the parties defendant named and described in subsections B–II, B–III and B–VI of Plaintiff's First Amended Bill of Interpleader or in the Nature of Interpleader filed herein, and the husband of each of such parties who is a married woman, the unknown heirs and legal representatives of each of such husbands as are deceased, the wife of each of such parties who has been married and is now deceased, the unknown heirs and legal representatives of each of such wives as are deceased of each of such parties who have been married men, and the heirs and legal representatives of all of such unknown heirs, which parties defendant are hereinafter sometimes collectively called the "Universal Claimants." And said motion and full and complete evidence thereon and in connection therewith, together with the arguments of counsel, having been heard and considered by the Court, it appears to the Court and the Court finds that

■ (1) Any defects and irregularities which may have existed in the appointment and qualification of Fred P. Branson as Receiver in Cause No. 1117–Equity, styled "R. F. Hodson, Complainant, vs. T. A. White et al, Defendants," in the United States District Court for the Western District of Oklahoma (herein called the "Oklahoma Suit"), and in the appointment and qualification of Lee B. Thompson as Trustee in said Oklahoma Suit, or either of them, have been cured, and said appointments and qualifications thereunder have been fully validated by the action of said United States District Court for the Western District of Oklahoma in said Oklahoma Suit by its order entered on February 27, 1958, after notice by mail and publication to all parties interested in the subject matter of said Cause No. 1117–Equity;

(2) Said Lee B. Thompson is duly qualified and acting as Trustee, or equity receiver, of the Organization Board of Universal Oil and Gas Company, Universal Oil and Gas Company and the assets of said Organization Board and said Company under orders of said United States District Court for the Western District of Oklahoma;

(3) E. H. Patton, Jr., has been duly appointed and is duly qualified and acting as Ancillary Trustee, or ancillary equity receiver, of such interest as said Organization Board of Universal Oil and Gas Company, Universal Oil and Gas Company, the "Universal Claimants," and said Lee B. Thompson, Trustee, or any of them, may have in the 184¼ acres, more or less, described in Plaintiff's First Amended Bill of Interpleader or in the Nature of Interpleader, filed herein, or the funds tendered by Plaintiff into the registry of this Court, which funds heretofore tendered into the registry of the Court together with such funds as will hereafter, until final judgment herein, be so tendered, are hereinafter collectively called the "Disputed Proceeds";

(4) Said Universal Claimants are purchasers of shares of said Universal Oil and Gas Company, an unincorporated association, successors in interest of purchasers of shares of said Universal Oil and Gas Company, creditors of said Universal Oil and Gas Company or said Organization Board, or both, and successors in interest of creditors of said Universal Oil and Gas Company or said Organization Board, or both;

(5) Said E. H. Patton, Jr., as Ancillary Trustee under the orders of this Court, represents said Organization Board of Universal Oil and Gas Company, said Universal Oil and Gas Company, said Universal Claimants and said Lee B. Thompson, Trustee, for all purposes as to such interest as they, or any of them, may have in and to said 184¼ acres, more or less, and said Disputed Proceeds;

(6) All of said Universal Claimants, said Organization Board of Universal Oil and Gas Company, said Universal Oil and Gas Company and all persons claiming an interest in said 184¼ acres, more

or less, adversely to said Organization Board, said Universal Oil and Gas Company, said Universal Claimants or said Lee B. Thompson, Trustee, should look to and deal solely with said E. H. Patton, Jr., Ancillary Trustee, in connection with such interest in said 184¼ acres, more or less, and said Disputed Proceeds as is claimed by said Organization Board, said Universal Oil and Gas Company, said Lee B. Thompson, Trustee, and said Universal Claimants in this cause;

■ (7) A judgment of this Court rendered in this cause will be binding upon each and all of said Universal Claimants, and conclusive of any and all claims of the Universal Claimants, or any of them, against Plaintiff or any other party hereto, as to said 184¼ acres, more or less, and said Disputed Proceeds, if said Universal Claimants are not made parties to this cause or served with process herein;

■ (8) Said Universal Claimants are not necessary or proper parties to this cause;

(9) The issuance and service of process herein upon said Universal Claimants would unreasonably and unnecessarily delay the termination of this litigation and require unreasonable and unnecessary expenditures on the part of the parties to this cause;

(10) Plaintiff should be enjoined, restrained and prohibited from causing process herein to be issued to and served upon any of said Universal Claimants;

■ (11) Said motion of Lee B. Thompson, Trustee, and E. H. Patton, Jr., Ancillary Trustee, for a prohibitory order against Arkansas Louisiana Gas Company should be granted;

(12) This order involves the following controlling questions of law: (a) whether said appointments and qualifications of Fred P. Branson, as Receiver, and Lee B. Thompson, as Trustee, in said Oklahoma Suit were invalid for any defect or irregularity and, if such is the case, whether such defects or irregularities have been cured and such appointments and qualifications have been validated, (b) whether said E. H. Patton, Jr., as Ancillary Trustee under the orders of this Court, represents said Organization Board of Universal Oil and Gas Company, said Universal Oil and Gas Company, said Universal Claimants and said Lee B. Thompson, Trustee, for all purposes as to such interest as they, or any of them, may have in and to said 184¼ acres, more or less, and said Disputed Proceeds, (c) whether said Universal Claimants, or any of them, are necessary parties to this cause and (d) whether a judgment rendered by this Court in this cause will be binding upon each and all of said Universal Claimants and conclusive of any and all claims of said Universal Claimants, or any of them, with respect to said 184¼ acres, more or less, and said Disputed Proceeds if said Universal Claimants are not made parties to this cause and served with process herein;

(13) This order constitutes an order granting an injunction appealable under the terms of Section 1292(a) of Title 28, U.S.C.;

(14) This order finally determines claims of right separable from, and collateral to, rights asserted in this cause, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case be adjudicated;

(15) This order finally disposes of all claims of said Universal Claimants in this cause, which claims constitute a separate claim within the provisions of Rule 54 (b) of the Federal Rules of Civil Procedure, 28 U.S.C., there is no just reason to delay the entry of a judgment of dismissal as to said Universal claimants, and the Court should expressly direct entry of this order as a judgment of dismissal, dismissing said Universal Claimants as parties defendant in this cause; and

(16) If application to take an appeal from this order is made to the Court of Appeals for the Fifth Circuit and said Court of Appeals permits such appeal, all proceedings herein should be stayed pending such appeal.

And without limiting the foregoing findings, the Court certifies that this order involves controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of the litigation in this cause.

It is accordingly ORDERED, ADJUDGED and DECREED that said Universal Claimants, as same are herein defined above, are not necessary or proper parties to this cause, that Plaintiff, Arkansas Louisiana Gas Company, be and it hereby is enjoined, restrained and prohibited from causing process herein to be issued to or served upon said Universal Claimants, or any of them, and that all proceedings herein be and they hereby are stayed during the time provided for the taking of an appeal from this order and during the pendency of any appeal which may be taken herefrom.