**ARKANSAS LOUISIANA GAS COM-
PANY, Appellant,**

v.

**H. A. KROEGER et al., Appellees.**

**No. 19328.**

United States Court of Appeals
Fifth Circuit.

May 17, 1962.

Butler, Binion, Rice & Cook, Houston, Tex., Robert Roberts, Jr., Blanchard, Goldstein, Walker & O'Quin, Shreveport, La., Turner & Bankhead, Carthage, Tex., Cecil N. Cook, Fletcher H. Etheridge, Houston, Tex., William C. Perry, Houston, Tex., of counsel, for appellant.

Neal Powers, Carthage, Tex., Bradford Corrigan, Jr., Dallas, Tex., Golden, Croley, Howell, Johnson & Mizell, Dallas, Tex., by Lanham Croley and Bradford D. Corrigan, Jr., Dallas, Tex., for appellees Imperial Production Corporation et al.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal brought and allowed pursuant to Title 28 U.S.C. § 1292(b) from the order of the district court dated October 5, 1961,[1] is presented as an agreed case on appeal pursuant to Rule 76 of the Federal Rules of Civil Procedure, 28 U.S.C.

The lawsuit, as the opinion and agreed case show, is an interpleader suit brought by Arkansas to determine title to a portion of the proceeds of the production of gas and condensate from a unit located in

1. Arkansas Louisiana Gas Co. v. H. A. Kroeger et al., D.C., 30 F.R.D. 181.

Panola County, Texas. The bill alleged that under the terms of written contracts, Arkansas has purchased, is continuing and will continue to purchase gas and condensate produced from said units, and Arkansas is obligated to pay, upon the terms and conditions therein set out, for gas and condensate purchased and delivered from said unit, and to pay the royalties on said gas and condensate to the owners thereof on behalf of the parties designated as the sellers in said contracts. Included within the description of the unit, as stated in its designation, is a certain tract of land of 184¼ acres, more or less, in Panola County, Texas (sometimes referred to as containing 183.98 acres of land). Arkansas purchases gas and condensate from a well which is located on another tract in said unit, and not on said 183¼ acres, more or less. The ownership of an undivided ¼ interest in and to the oil, gas and other minerals in and under, and that may be produced from said tract of 183¼ acres, more or less, is uncertain, and Arkansas has withheld and tendered into the registry of the District Court, under its first amended bill of interpleader or in the nature of interpleader, the purchase price of that portion of the gas and condensate produced from said unit attributable to an undivided ¼ of 183.98/643 of such gas and condensate. Such portion of such purchase price tendered and to be tendered into the registry of the district court are hereinafter collectively called the "Disputed Proceeds".

The bill further alleged that Arkansas is a neutral stake holder and has no interest in said tract of 184¼ acres, more or less, or in said Disputed Proceeds other than as the purchaser of gas and condensate from said unit and to be protected from a multiplicity of suits and from double or multiple payment of said Disputed Proceeds by a final judgment binding upon all necessary parties who have or claim, or may claim, an interest in or portion of said Disputed Proceeds.

In addition to numerous other defendants who own or claim royalty or mineral leasehold interests in said unit, Arkansas in its bill named as defendants herein more than 500 parties who constitute members of the Organization Board (or "Pre-Organization Board") of Universal Oil & Gas Co., investors in or shareholders of Universal Oil and Gas Company and creditors of said Board and said Universal Oil and Gas Company and who are all of the parties known to Arkansas who have or claim an interest in said Board or its assets or in said Universal Oil and Gas Company or its assets. Such parties are hereinafter for convenience collectively called the "Universal Claimants".

Two of the defendants, Lee B. Thompson, Trustee, and E. H. Patton, Jr., Ancillary Trustee, filed a motion that the district court enjoin and prohibit Arkansas from causing process in this case to be served upon the Universal claimants. In such a motion said trustee and said ancillary trustee alleged that they had been duly appointed and were acting under orders of the United States District Court for the Western District of Oklahoma (hereinafter referred to as the "Oklahoma Federal Court") and the United States District Court for the Southern District of Texas, respectively, as trustees, and in substance as equity receivers, of said Organization Board and Universal Oil and Gas Company, with the duty, interest, and authority to take possession of and preserve any interest which the Universal claimants may have in the property involved in this case, that they as such trustees are not adversely interested to said claimants but their interests are the same as theirs, and they fully and adequately represent all interests of all of the Universal claimants herein and, therefore, the Universal claimants named and sought to be served are not necessary or proper parties to this lawsuit. The trial court, after a full hearing in open court, by the order of October 5, 1961, held the Universal claimants not to be necessary or proper parties, granted said motion and enjoined Arkansas from causing process herein to be served upon the Universal claimants. This appeal from such order followed.

This is the way Arkansas in its brief states its position:

"Arkansas is a neutral stakeholder with no interest in said 184¼ acres, more or less, or the Disputed Proceeds other than as the purchaser of production and to be protected, from a multiplicity of suits and double or multiple payment of the Disputed Proceeds, by a final judgment in this case binding upon all necessary parties who have or claim or may claim an interest in or a portion of the Disputed Proceeds. If the Universal claimants are necessary parties to this case, Arkansas should not be prohibited from causing process herein to be served upon them. If they are not necessary parties, Arkansas does not desire to have them served. Accordingly, Arkansas does not affirmatively assert that the district court erred in entering the Stay Order, but submits that the question whether the Universal claimants are or are not necessary parties is not free from doubt and should be determined by this Honorable Court for the protection of Arkansas and the other parties herein. The question presented on this appeal is whether the district court erred in holding the Universal claimants are not necessary parties to this cause and in granting the Stay Order prohibiting service of process upon them herein."

Appellees, in their brief, thus state their position:

"The question presented on this appeal is correctly stated in appellant's brief as follows: 'Whether the district court erred in holding that the Universal claimants are not necessary parties to this cause and in granting the Stay Order prohibiting service of process upon them herein'. Appellees contend that the Universal claimants are not necessary parties and that the district court did not err in granting the Stay Order.

"The Universal claimants are not necessary parties to this cause because their interests are adequately represented herein by Lee B. Thompson, Trustee, and E. H. Patton, Jr., both of whom are equity receivers appointed for the purpose of managing and preserving the assets of the Universal Oil and Gas Company for the rightful owners thereof and for the purpose of representing the interests of the owners in connection with such properties.

"The rule is well established that where a receiver is appointed by a Federal District Court, persons who are parties to such proceeding or who claim an interest in the assets of the receivership estate, are not necessary parties to any other proceeding to which the receiver is a party, their interests being adequately represented therein by the receiver. Further such persons are bound by a judgment rendered in any proceeding to which the receiver is a party. Atlantic Trust Co. et al. v. Dana et al., 128 F. 209 (8th Cir., 1903); Manhattan Trust Co. et al. v. Chicago Elect. Traction Co., 188 F. 1006 (N.D.Ill., 1910); Texas & Pac. Ry. Co. v. Griffin et al., 76 Tex. 441, 13 S.W. 471 (1890); Davis v. Gray, 83 U.S. 203, 21 L.ed. 447 (1873); Doggett v. Florida Ry. Co., 99 U.S. 72, 25 L.ed. 301 (1878); Southern Expressway Co. v. Western N. C. Railway Co., 99 U.S. 190 [191], [25] L. ed. 319 (1878).

"Appellant, in its brief, acknowledges the above stated rule, but asserts that the rule presupposes a valid appointment of a receiver. Appellant then suggests that the validity of the appointment of each of Lee B. Thompson, Tr. and E. H. Patton, Jr., Ancillary Trustee, is questionable, because their predecessor, Fred P. Branson, was initially appointed as receiver of the properties of the Universal Oil & Gas Co. and of the Organization Board of said company upon notice to the

members of said Board but without notice to the investors, shareholders and creditors of the Board and of the Company. Appellant also points out that the original appointment of Lee B. Thompson as Trustee was also made without notice to such parties.

"Although notice is not specifically required by statute (28 U.S.C.A. §§ 754, 959) or by rule (Rule 66, Federal Rules of Procedure), as a general rule a receiver should not be appointed without notice to the parties to be affected by the receivership. 75 Corpus Juris Secundum 704. However, a court of equity does have the power and authority to make an ex parte appointment of a receiver. 75 C.J.S. 704 and 45 A.J. 81. Central West Public Service Co. v. Craig et al., 70 F.2d 427 (8th Cir., 1934); Tennessee Public Co. v. Carpenter, 100 F.2d 728 (6th Cir. 1938). Thus, it has been held that where the giving of notice is impracticable because the defendant has absconded or cannot be found or where the giving of notice would defeat the very purpose of the receivership, it is within the discretion of the court to make an ex parte appointment. Latimer et al. v. McNeal, 142 F. 451 (3rd Cir. 1906); and Kattelman v. Madden, 88 F.2d 858 (8th Cir., 1937).

"The power to make an ex parte appointment is properly exercised when the receivership is required by some urgent necessity, and whether or not such a necessity exists is a matter for the discretion of the trial court. If he acts improvidently, the appointment is irregular but not void. Tennessee Public Company v. Carpenter, supra; Friedman Oil Corp. v. Brown, 50 S.W.2d 471 Tex.Civ.App., 1932, n.w.h.); Yount et al. v. Fagan [Fagin] et al., 244 S.W. 1036 (Tex.Civ.App.1922), motion to amend judgment denied 289 S.W. 187; Cash et al. v. Ervin et al.,

62 S.W.2d 242 (Tex.Civ.App.1933 n.w.h.)

" 'Without exception, the decisions cited in Appellant's Brief involve appeals taken from orders making ex parte appointments in which the contention is made that the court abused its discretion. Such is not the case in the instant suit. To the contrary, no direct appeal has been taken from any of the appointments here involved. Rather, appellant is now attempting to raise collaterally, in a proceeding separate and apart from the proceedings in which the appointments were made, the matter of the validity of the appointments.

"Since a court of equity has jurisdiction and power to make an ex parte appointment, such an appointment is not void and must be attacked on direct appeal as an abuse of discretion. The appointment may not be attacked collaterally in a proceeding separate and apart from that in which the appointment is made."

Taylor v. Easton, 8 Cir., 180 F. 363. Cf. Lively v. Picton, 6 Cir., 218 F. 401; Cadle v. Baker, 87 U.S. 650, 22 L.Ed. 448 (1874); Phelps v. Mutual Reserve Fund Life Association, 112 F. 453 (6th Cir. 1901), aff'd 190 U.S. 147, 23 S.Ct. 707, 47 L.Ed. 987; Robins v. Sandford et al., 29 S.W.2d 969 (Tex.Com.App., 1930).

Based on these contentions, appellees insist that the facts set out in the agreed case establish beyond controversy that the appointments in this case cannot be collaterally attacked and that the district judge did not err in making the order complained of on this appeal.

In addition, pointing to the facts set out in the agreed case, they insist that defects and irregularities in the appointment of Fred P. Branson as receiver and the appointment of Lee B. Thompson in the Oklahoma case have now been cured beyond the power of any person to attack those appointments, especially where as here the attack is a collateral one. Citing and relying on Universal Savings

& Trust Co. v. Stoneburner, 4 Cir., 113 F. 251,[2] where it was held that failure to give adequate notice in connection with the original appointment of a receiver was cured by a subsequent proceeding in which notice was given, the appellees, pointing to the great lapse of time between the original appointment of Branson and Thompson in the Oklahoma case and the fact that in subsequent proceedings in the receivership, notice was given to the Universal claimants at various steps of the receivership proceedings and no complaint or attack was made, argue with conviction that the agreed case fully supports the action and order of the district judge, that, in view of the long delay in attacking the receivership, even a direct attack upon the appointment of a receiver has long since been waived and is now barred by laches and stale demand, and that a fortiori the collateral attack here pressed is wholly without legal basis.

In support of these arguments, appellees, pointing to these facts which the agreed case shows:

1. These individuals failed to appeal from the appointment of Fred P. Branson in 1930 and the appointment of Lee B. Thompson in 1932.

2. With the exception of H. A. Kroeger, these persons made no attempt to vacate such appointment or in any way object to or complain of them.

3. These individuals failed to object to or complain of the receivership,

(a) when notified in connection with the 1958 hearing on Kroeger's Motion to Vacate the receivership;

(b) when notified in connection with the September, 1958, proceeding in which Thompson was authorized by the Oklahoma Court to initiate ancillary proceedings in Texas, and

(c) when notified in connection with the proceeding in the Houston District Court in which E. H. Patton, Jr., was appointed Ancillary Trustee.

4. These individuals have for some thirty-two years acquiesced in such appointments in question by totally failing to object to or complain of the receivership.

conclude that there is, therefore, no way in which the Universal claimants could now upset the receivership of Lee B. Thompson or E. H. Patton, Jr., either in the Oklahoma suit itself or in any type of collateral attack such as the one at bar.

As appellees correctly point out in their brief, appellant in its brief does not affirmatively assert that the appointment of Fred P. Branson and his successor trustees, Lee B. Thompson and E. H. Patton, Jr., are void, nor does appellant affirmatively assert that the Universal claimants are necessary parties to this interpleader suit. On the contrary, appellant acknowledges that any defect, if any, which existed in connection with the original appointments may have been cured by subsequent proceedings and admits that, if such is the case, the Universal claimants are adequately represented in this suit by Lee B. Thompson, Trustee, and E. H. Patton, Jr., Ancillary Trustee, and are not necessary parties.

In the light of the authorities above cited and many others which might be named, we find ourselves in full agreement with appellees' view, that the court in the Oklahoma suit had full power and authority to appoint Fred P. Branson and Lee B. Thompson as receivers; that such appointments and subsequent appoints cannot be questioned collaterally in this proceeding; that any defects which existed in the original appointments have been cured by subsequent proceedings, by lapse of time, and by the prolonged failure of all parties to raise objection to such appointments; that the appointments of Lee B. Thompson and E. H. Patton, Jr. were fully

2. Cf. Kattelman v. Madden, 8 Cir., 88 F. 2d 858; Ferguson v. Bucks County Farms, Inc., 3 Cir., 280 F.2d 739; Southwell v. Church, 51 Tex.Civ.App. 547, 111 S.W. 696; Seneca Sec. Corp. v. Medinah Athletic Club et al., 7 Cir., 74 F.2d 108; and Brown Bonnell & Co. v. Lake Superior Iron Co., 134 U.S. 530, 10 S.Ct. 604, 33 L.Ed. 1021.

validated by the proceedings conducted in 1958 and 1960, and they are now, for all of these reasons, beyond question, and that the interests of the Universal claimants are adequately represented in this suit by Lee B. Thompson and E. H. Patton, Jr., and the Universal claimants are, therefore, not necessary parties.

The judgment appealed from is

Affirmed.